IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAREL HARDENBROOK, an individual, PAUL GOOCH, an individual, and ROBERT ORLOFF, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, CO., a Delaware corporation,<br><br>Defendant. | Case No. CV 07-509-S-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.
## Introduction

The Court has before it Plaintiffs' motion to strike paragraph nine and Exhibit 1 of the Declaration of Jon Robertson submitted in support of Defendant United Parcel Service Company's ("UPS") Motion for Summary Judgment. (Docket No. 73.) UPS responded to Plaintiffs' motion by claiming the motion is frivolous and by seeking attorney fees as a sanction for having to respond. The motion has been referred to the

**MEMORANDUM DECISION AND ORDER - 1**

undersigned magistrate judge, and the Court finds the matter suitable for disposition without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(ii).[1] After carefully reviewing the parties' submissions and the record herein, the Court will deny Plaintiffs' motion to strike for the reasons discussed below.

## II.
## Background

Plaintiffs seek pursuant to Fed. R. Civ. P. 37(c) to exclude from consideration upon summary judgment Exhibit 1 to the Robertson Declaration, which is a complete copy of UPS's Code of Business Conduct ("CBC Pamphlet") containing the pamphlet's front and back cover. The CBC Pamphlet is a bound booklet with a green cover setting forth UPS's policies, procedures, and business philosophy. The inside back cover of the CBC Pamphlet contains a disclaimer that the CBC Pamphlet does not create an express or implied contract of employment. (Aff. of Squyres, Ex. A, Docket No. 72-2 at 21.) Plaintiffs argue that they are prejudiced by the post-discovery disclosure of the "complete" CBC Pamphlet as part of UPS's motion for summary judgment, because they have not been able to conduct discovery about that document, and they relied upon the fact that the "incomplete" CBC Pamphlet was the correct version. UPS relies upon the disclaimer on the inside back cover of the CBC Pamphlet in its pending motion for summary judgment because UPS argues that Plaintiffs were at-will employees, an issue

---

[1] The District of Idaho's Local Rules were amended effective December 1, 2009, to conform to the changes made to the Federal Rules of Civil Procedure.

**MEMORANDUM DECISION AND ORDER - 2**

critical to the success of certain UPS defenses.

On February 26, 2008, as part of its initial disclosures, UPS provided a photocopy of the CBC Pamphlet numbered UPS-HB 00544–UPS-HB 00575 to Plaintiffs. This photocopy was missing four pages, which were the outside and inside of the CBC Pamphlet's green cover. In their initial disclosures on February 29, 2008, Plaintiffs produced a document numbered HGO 0143–HGO 0163 that was a complete copy of the CBC Pamphlet and included a copy of the outside and inside of the CBC Pamphlet's green cover.[2] UPS claims it was unaware that the copy of the CBC Pamphlet it produced was lacking the front and back cover.

The depositions of UPS employees Brad Whitworth and Tom Volta were taken on February 23, 2009, and May 14, 2009, respectively. During those depositions, Plaintiffs' counsel questioned the two UPS employees about the CBC Pamphlet. The exhibit used during the deposition was the UPS copy of the CBC Pamphlet lacking the front and back cover. Mr. Whitworth identified the exhibit as the CBC Pamphlet, and further identified it as "the green book." (Phillips Aff. Ex. A, Docket No. 74 at 13.) When Mr. Volta was shown the exhibit, he could not initially identify the document because it was lacking the cover.[3] Mr. Volta confirmed that the exhibit was the CBC Pamphlet once an excerpt was

---

[2] Compare Exhibits A and B attached to the Declaration of Squyers (Docket No. 77).

[3] The exchange of questions between counsel and Mr. Volta was as follows:

> Q. Okay. Take a look at Exhibit 19, please.
> A. Okay.
> Q. Is that the UPS code of business conduct?

**MEMORANDUM DECISION AND ORDER - 3**

read to him.

Mr. Hardenbrook, one of the Plaintiffs in this case, was deposed on March 18, 2009. (Squyers Decl. Ex. C, Docket No. 77-4.) Pursuant to deuces tecum request, he brought with him original documents in a briefcase. (*Id.*) Those documents were identified by Mr. Hardenbrook's counsel as, among other documents, two CBC Pamphlets that contained markings and highlighting. Plaintiffs' counsel refused to produce the marked-up pamphlets during the deposition on the grounds of privilege, but attested that Plaintiffs produced copies of the two CBC Pamphlets without mark-ups during discovery.

The deadline for completion of discovery in this matter was extended until March 31, 2009, (Docket No. 23), but UPS supplemented its discovery as late as June 12, 2009. (Phillips Aff. Ex. C, Docket No. 74.) UPS's supplemental disclosures did not contain the CBC Pamphlet, and Plaintiffs claim that the CBC Pamphlet bates numbered UPS-HB 00544–UPS-HB 00575 was the only copy they received from UPS. On June 15, 2009,

---

> A. Well, it doesn't say it on it, but it's a document that describes some compliance issues.
> Q. Why don't we look at page Roman numeral II, the second page of Exhibit 19, please.
> A. Okay.
> Q. First sentence says, "This UPS code of business conduct sets forth standards of conduct for all of UPS."
> Does that refresh your recollection as to whether that is UPS's code of business conduct?
> A. Yes.

(Phillips Aff. Ex. B, Docket No. 74 at 12.) The green cover contained the label, "Code of Business Conduct." (Squyers Decl. ¶ 11, Docket No. 77-1.)

**MEMORANDUM DECISION AND ORDER - 4**

UPS filed its motion for summary judgment and the accompanying Robertson Declaration containing Exhibit 1, a complete copy of the CBC Pamphlet including the front and back covers, Bates numbered UPS-HB 57639–UPS-HB 57659.  Plaintiffs filed a response to UPS's summary judgment motion on July 13, 2009, making no mention of the CBC Pamphlet.  It was not until August 17, 2009, that Plaintiffs filed the instant motion to strike.  UPS's motion for summary judgment is ripe for judicial review, and trial is scheduled to begin on January 12, 2010.

### III.
### Discussion

Under Fed. R. Civ. P. 37(c), a party that fails to provide information as required by Rule 26(a) or (e) is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  Fed. R. Civ. P. 37(c); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  In turn, Fed. R. Civ. P. 26(e) requires a party to timely supplement or correct its initial disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(a).  Failure to follow the requirements of Fed. R. Civ. P. 26 could result in sanctions under Fed. R. Civ. P. 37(c)(1), which include the exclusion of an exhibit.

This Court has adopted a five-step decision tree for resolving whether exhibits

**MEMORANDUM DECISION AND ORDER - 5**

were timely disclosed.  *Crafton v. Blaine Larson Farms, Inc.*, No. CV04-383-E-BLW, 2006 WL 908061 at *1 (D. Idaho Apr. 7, 2006).[4]  The analysis is as follows:

> (1) Was the [exhibit] identified in the Rule 26(f) initial disclosures? (2) If not, was the [exhibit] identified in a supplemental disclosure pursuant to Rule 26(e)? (3) If not, has the [exhibit] and [its] connection to the claims or defenses of the proffering party "otherwise been made known to the other parties during the discovery process or in writing" thereby excusing the failure to supplement under Rule 26(e)? (4) If not, has the proffering party shown that its failure was substantially justified to avoid Rule 37 sanctions? (5) If not, has the proffering party shown that its failure was harmless to avoid Rule 37 sanctions?

*Crafton*, 2006 WL 908061 at *1.

In this case, Plaintiffs have applied a hyper-technical argument.  They claim prejudice because they purportedly relied upon the fact that UPS produced an incomplete copy of the CBC Pamphlet that omitted the front and back covers of the original green booklet.  Plaintiffs assert that, during discovery, they asked UPS to produce and identify all documents upon which UPS relied in asserting its defenses, and because UPS did not produce the CBC Pamphlet with the front and back covers, UPS should be precluded from introducing and relying upon the CBC Pamphlet that contained copies of the front and back covers.

---

[4] *Crafton* involved a motion in limine seeking to exclude witnesses not timely disclosed from testifying at trial.  *Crafton* held that the five step decision tree applied equally to exhibits as well as to witnesses.  *Crafton*, 2006 WL 908061 at *1.  The Court examined the interplay between Rule 37 and Rule 26, and presumably would apply the same decision tree to exhibits introduced in support of or in opposition to a motion, since Rule 37 sanctions apply equally to motions, hearings, or trial.

**MEMORANDUM DECISION AND ORDER - 6**

However, in applying the five step decision tree, Plaintiffs cannot prevail. First, Plaintiffs in their reply memorandum do not dispute that they possessed the original CBC Pamphlet with the front and back covers intact. Indeed, Mr. Hardenbrook brought with him two original CBC Pamphlets to his deposition in response to a subpoena duces tecum, and Plaintiffs' counsel confirmed that copies of the pamphlets were given to UPS in Plaintiffs' initial disclosures. And, Plaintiffs do not dispute that their initial disclosures included a complete copy of the CBC Pamphlet, with its cover, marked Bates numbers HGO 0143–HGO 0163. Thus, while the complete copy of the CBC Pamphlet was not provided by UPS, the exhibit was identified in Plaintiffs' Rule 26(f) initial disclosures and Plaintiffs should have reasonably expected that UPS might rely upon the information disclosed. Accordingly, any failure on UPS's part to photocopy and provide the "complete" document was harmless.[5]

Even if the burden was upon UPS to produce a complete copy of the CBC Pamphlet that included the front and back cover, the exhibit and its connection to UPS's defense has otherwise been known to Plaintiffs during discovery because Plaintiffs possessed the original CBC Pamphlet containing the disclaimer on the back cover.

---

[5] The Court finds Plaintiffs' suggestion in their reply brief that UPS deliberately intended to omit the front and back cover of the CBC Pamphlet in an attempt to deceive Plaintiffs disingenuous. Plaintiffs may have asked UPS to provide a copy of the pamphlet that UPS believed was applicable to Plaintiffs' employment. But the fact that UPS omitted the front and back covers, when Plaintiffs themselves had a complete bound copy of the document, suggests that Plaintiffs are the more culpable party. Plaintiffs, as well as UPS's witnesses, identified the CBC Pamphlet as a green booklet. It should have been obvious during the depositions of Hardenbrook, Whitworth, and Volta that the exhibit relied upon was missing the front and back covers, especially considering that Hardenbrook and his counsel had the original bound version with the covers intact.

**MEMORANDUM DECISION AND ORDER - 7**

Therefore, contrary to Plaintiffs' suggestion, it is material that Plaintiffs had a copy of–indeed, the original– CBC Pamphlet.  Under such facts, the failure by UPS to supplement its discovery responses is harmless.  *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) (finding the failure to disclose "harmless" when the opposing party had a copy of the late disclosed declaration months before the untimely disclosure).

There also can be no dispute that the potential relevance of the complete CBC Pamphlet provided by Plaintiffs during discovery is no surprise to Plaintiffs.  One of the issues in this case is whether Plaintiffs were "at-will" employees.  Plaintiffs had the original CBC Pamphlet in their possession prior to deposing Whitworth and Volta.  Accordingly, Plaintiffs had the opportunity during discovery, contrary to their assertion, to ascertain UPS's position as to the relevance of the CBC Pamphlet with the front and back covers intact to UPS's defenses.  *Adams v. United States*, Case No. CV03-0049-E-BLW, 2009 WL 1625504 at *3 (D. Idaho June 5, 2009).

In addition, Plaintiffs' suggestion that they were somehow "prejudiced" because UPS produced a different "version" of the CBC Pamphlet stretches reason.  UPS simply omitted to copy the front and back cover.  There was no other version that contained different language, updated policies, or the like, according to the record presented to the Court.  More likely than not, someone simply forgot to photocopy the front and back covers of the CBC Pamphlet, and Plaintiffs seek to capitalize upon that failure when they should have realized that the front and back covers—and the language contained

**MEMORANDUM DECISION AND ORDER - 8**

therein—may be material.

Moreover, UPS indicated it intended to rely upon the language contained in the back cover of the CBC Pamphlet in its submissions upon summary judgment, more than six months prior to the start of trial. If Plaintiffs felt strongly about the prejudicial effect of the "newly discovered evidence," they could have sought leave from the Court under Fed. R. Civ. P. 56(f) to conduct additional discovery. However, Plaintiffs timely responded to UPS's motion for summary judgment and waited more than another month to submit the instant motion to strike.

Further, Plaintiffs are able to refute the allegations UPS makes by proffering the complete CBC Pamphlet regardless of the absence of additional discovery. UPS's evidence is that Exhibit 1 to the Declaration of Jon Robertson was provided to Plaintiffs. Plaintiffs do not need to conduct formal discovery to determine whether they did, in fact, receive Exhibit 1. This information is presumably within Plaintiffs' "own knowledge and/or possession." *Adams*, 2009 WL 1625504 at *4 (denying motion in limine to exclude an exhibit when the plaintiffs had knowledge and/or possession of the document at issue).[6]

For the foregoing reasons, the Court finds no cause to grant Plaintiffs' Motion to Strike paragraph nine and Exhibit 1 to the Declaration of Jon Robertson, and will deny

---

[6] Moreover, even if UPS's failure to identify the "complete" CBC Pamphlet was somehow sanctionable at this stage, UPS would be able to, under the Federal Rules of Evidence, offer the complete CBC Pamphlet against Plaintiffs at trial under the same principles that allow a party's interrogatory answers or responses to requests for production of documents to be offered against it. *See* Advisory Comment to Subdivision (c), 1993 Amendments, Fed. R. Civ. P. 37.

**MEMORANDUM DECISION AND ORDER - 9**

Plaintiffs' motion.

As to UPS's request for sanctions for having to respond to Plaintiffs' motion, Fed. R. Civ. P. 37(c)(1)(A) allows the Court, in its discretion, to award payment of reasonable expenses, including attorney fees, that were caused to be incurred by a failure to disclose. The Court may impose other appropriate sanctions, including any orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi). UPS, however, is asking for fees for having to respond to the motion, not for bringing the motion for the failure to disclose. In this case, the Court declines in its discretion to award fees to UPS for responding to Plaintiffs' motion.

**MEMORANDUM DECISION AND ORDER - 10**

## **ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED that:**

1) Plaintiffs' Motion to Strike (Docket No. 73) is hereby **DENIED**.

2) Defendant's request for an order that Plaintiffs pay for UPS's attorney fees and costs for responding to Plaintiffs' motion contained within their response brief (Docket No. 77) is **DENIED**.



DATED: December 7, 2009

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 11**