B. Newal Squyres (ISB #1621)
Scott D. Hess (ISB #2897)
A. Dean Bennett (ISB #7735)
HOLLAND & HART LLP
Suite 1400, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 2527
Boise, Idaho  83701-2527
Telephone:   (208) 342-5000
Facsimile:   (208) 343-8869
Email: nsquyres@hollandhart.com
       sdhess@hollandhart.com
       adbennett@hollandhart.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| DAREL HARDENBROOK, an individual, PAUL GOOCH, an individual and ROBERT ORLOFF, an individual,<br><br>             Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, CO., a Delaware corporation,<br><br>             Defendant. | Case No.  07-509-S-EJL<br><br>**UPS'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES PURSUANT TO LOCAL CIVIL RULE 54.2** |

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. UPS IS ENTITLED TO A REASONABLE FEE OF $301,219.75 FOR THE
COMPLETE DEFENSE OF ORLOFF'S LAWSUIT. ..........................................................1

    A. UPS is Entitled to a Reasonable Portion of the Fees It Incurred in the
Collective Defense of All Three Plaintiffs' Claims.......................................................2

    B. UPS Expended a Reasonable Amount of Time on the Defense of Orloff's
Lawsuit. ...........................................................................................................................4

    C. The Hourly Rates Charged by UPS's Counsel are the Prevailing Hourly Rates
in the Community for Similar Work.............................................................................7

III. UPS IS ENTITLED TO A REASONABLE FEE OF $295,483.70 FOR THE
DEFENSE OF HARDENBROOK'S LAWSUIT. .................................................................9

IV. CONCLUSION ............................................................................................................10

Defendant United Parcel Service Co. ("UPS") files this reply memorandum in support of its Motion for Attorney Fees Pursuant to Local Civil Rule 54.2. Dkt. # 161. UPS also contemporaneously files the Second Declaration of B. Newal Squyres ("Second Squyres Decl."), the Declarations of Mark S. Geston ("Geston Decl.") and the Declaration of Richard C. Boardman ("Boardman Decl.") in support of its motion for attorney fees.

## I.  INTRODUCTION

Through its motion for attorney fees, UPS asserts that it is the prevailing party against Robert Orloff and against Darel Hardenbrook, and therefore is entitled to fees against both Plaintiffs under Idaho Code § 12-120(3). Orloff concedes that UPS is the prevailing party under Idaho Rule of Civil Procedure 54(d)(1)(B) and is thus entitled to an award of fees against him. He erroneously contends, however, that UPS is entitled to only a fraction of the attorney fees that UPS has requested. Hardenbrook argues a different position. He erroneously contends that he is the prevailing party against UPS under Idaho Rule of Civil Procedure 54(d)(1)(B) because he was awarded the "full amount of damages he requested." As a result, Hardenbrook argues that he owes UPS nothing. For purposes of this reply memorandum, UPS will address Plaintiffs' arguments separately, beginning with Orloff.

## II.  UPS IS ENTITLED TO A REASONABLE FEE OF $301,219.75 FOR THE COMPLETE DEFENSE OF ORLOFF'S LAWSUIT.[1]

In his memorandum in opposition to UPS's request for attorney fees, Orloff concedes that UPS is the prevailing party against him and that UPS is entitled to an award of attorney fees. *See* Plaintiffs' Memorandum in Opposition to UPS's Motion for Attorney Fees Pursuant to Local Rule 54.2 ("Opp. Memo") at 5. UPS requests a reasonable fee in the amount of $301,219.75 for the successful defense of Orloff's lawsuit. Orloff contends that the reasonable attorney fees

---

[1] Although not raised by Orloff, in preparing this reply memorandum, UPS became aware that the request it made for fees in the amount of $338,449.16 did not take into consideration the 11% discount described in Declaration of B. Newal Squyres. *See* Dkt. # 161-2 at ¶ 24. After the discount is applied, the dollar amount of attorney fees UPS seeks equals $301,219.75. For an explanation of this clarification/modification to UPS's motion for fees, please see the Second Squyres Declaration at ¶¶ 3-11.

UPS'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES PURSUANT TO
LOCAL CIVIL RULE 54.2 - 1

incurred by UPS for the defense of his lawsuit, a defense that lasted over two years, is $31,181.35.  This amount represents approximately 10% of the reasonable fee incurred and paid by UPS.  To support his request for the approximately 90% reduction, Orloff makes three arguments: (1) UPS is not entitled to any fees incurred in the collective defense of the three Plaintiffs' claims; (2) the fees sought by UPS in the defense of Orloff's claims are unreasonable; and (3) the hourly rates charged by Holland & Hart are not the prevailing hourly rates in the Boise community for similar work.  Each of Orloff's arguments lack merit and are properly rejected.

Orloff's argument against any award of any fees attributable to the collective defense of the three Plaintiffs' claims undermines and contradicts Hardenbrook's analysis provided in support of his request for fees filed with the Court only weeks ago—Plaintiffs cannot have it both ways.  Orloff's argument that the fees sought by UPS are unreasonable is not supported by any specific objection as required under this Court's rules.  Instead, it is a mere conclusory assertion.  And, Orloff's argument that Holland & Hart's rates are not the prevailing hourly rates in the Boise community for similar work is contrary to case law of this Court and contrary to testimony of other practicing attorneys from law firms within Boise's legal community.

Orloff has presented nothing to this Court to justify a reduction in the amount of fees requested by UPS.

### A. UPS IS ENTITLED TO A REASONABLE PORTION OF THE FEES IT INCURRED IN THE COLLECTIVE DEFENSE OF ALL THREE PLAINTIFFS' CLAIMS.

Orloff first argues that UPS is not entitled to any fees incurred in the collective defense of the three Plaintiffs' claims.  Opp. Memo at 5-7.  This argument is inconsistent with the analysis provided in Plaintiff Hardenbrook's motion for attorney fees.  *See* Dkt. # 153, 154.  There, Hardenbrook seeks fees admittedly incurred in the collective pursuit of all three Plaintiffs' claims.  Plaintiffs cannot have it both ways.  Either a prevailing party is entitled only to attorney fees that can be specifically identified with that party (the position taken by Orloff here), or a prevailing party is entitled to attorney fees that can be specifically identified with that party <u>and</u>

to a portion of the fees incurred in the collective pursuit or defense of all three Plaintiffs' claims (the position taken by Hardenbrook in his request for fees).

UPS cited *Millenkamp v. Davisco Foods Int'l*, No. CV03-439-S-EJL, 2007 WL 844880, at * 4-5 (D. Idaho March 16, 2007) for the general proposition that time entries do not have to separate work between multiple plaintiffs or defendants to support a motion for attorney fees. *See* Dkt. # 161-1 at 16.  While neither UPS nor Plaintiffs have cited authority expressly approving or disapproving UPS's proposed pro rata apportioning of fees incurred in the collective pursuit or defense of Plaintiffs' nine claims in this case, such apportionment is reasonable and provides a fair and sensible solution.  *See Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 337 (1st Cir. 2008) (noting that "[t]he guiding principle is equity; the district court should strive to determine the most fair and sensible solution for apportioning the fee award").

Orloff attempts to turn *Millenkamp* on its head to come to the irrational conclusion that any work not specifically attributable to Orloff must be specifically attributable to UPS's defense of Darel Hardenbrook's claims.  Opp. Memo at 6.  Nothing in *Millenkamp* supports this assertion.  From the filing of the Complaint though the Court's summary judgment order, all three Plaintiffs pursued the same legal claims, including their "fourth claim," the motion to amend to add a claim for punitive damages.  The majority of the time entries contained in the documents supporting UPS's motion for fees do not separate by Plaintiff work done in the collective defense of Plaintiffs' claims.  *See* Dkt. # 161-2 (Squyres Decl.), Ex. E.  Likewise, the majority of time entries contained in the document supporting Hardenbrook's motion for fees do not separate by Plaintiff work done in the collective pursuit of Plaintiffs' claims.  *See* Dkt. # 156 (Rossman Aff.) Ex. A.

This is not a coincidence.  Plaintiffs, collectively pursuing UPS under a single caption, very purposely worked to weave together their separate retaliation, breach of contract and punitive damage claims, attempting to tie them all to DOT hours of service issues and the events of December 2005.  Thus, responding to and preparing discovery, performing legal and factual research, drafting motions and responses to motions, preparing for most depositions, taking and

defending most depositions, and nearly every other aspect of this case, up and until the Court issued its summary judgment order, necessarily involved work equally applicable to the defense or the pursuit of all three Plaintiffs' claims.

It is unreasonable and irrational to apportion all fees incurred by UPS in the collective defense effort to Hardenbrook, as both Hardenbrook and Orloff request. Instead, the most sensible solution is to apportion a pro rata share of one-third of the fees to each Plaintiff as UPS has done both in its motion for attorney fees (Dkt. # 161-1) and in its opposition to Hardenbrook's request for attorney fees. Dkt. # 170. This approach is consistent among the Plaintiffs and with the facts and circumstances of this case.

UPS submits that a reasonable calculation of attorney fees includes an amount that can be specifically identified with a particular Plaintiff, <u>combined</u> with a pro rata apportionment of the attorney fees incurred in the collective defense or pursuit of the three Plaintiffs' claims. If the Court disagrees with UPS's analysis and suggested approach, it would follow that any fees awarded to Hardenbrook should likewise be reduced in a consistent manner.

### B. UPS EXPENDED A REASONABLE AMOUNT OF TIME ON THE DEFENSE OF ORLOFF'S LAWSUIT.

Orloff's second challenge to UPS's motion for attorney fees is the conclusory assertion that the fees charged by UPS in this case are not reasonable. "The party opposing the fee application carries the burden of rebuttal which requires submission of evidence challenging the accuracy and reasonableness of hours charged, or factual assertions made in affidavits submitted by the prevailing party." *Balla v. Idaho Bd. of Correction*, No. CV81-1165-S-EJL, 2005 WL 3412806, at *5 (D. Idaho, Dec. 9, 2005) (internal quotation marks omitted); *see also* District of Idaho Local Civil Rule 54.2(c) ("The responding party must set forth specific grounds of objection.").

Orloff provides no affidavits to support his conclusory statement, cites no legal authority to support his statement and provides the Court no factual analysis as to any errors or misstatements in the documents filed by UPS in support of its motion for fees. Instead, Orloff's

response is perplexing.  He simply attempts to justify Plaintiffs' conduct in litigating this case.  Ultimately, Orloff provides this Court with only one substantive argument—that the hourly rates of Holland & Hart attorneys are not the prevailing hourly rates for attorneys in the Boise community.  That argument lacks merit and is addressed in section C below.

In support of UPS's motion for fees against Orloff, UPS filed, among other exhibits, Exhibits B and E to the Squyres Declaration.  *See* Dkt. # 161-2.  These exhibits specifically identify: (1) the date legal services were rendered; (2) the timekeeper who rendered the services; (3) the amount billed for the services rendered; (4) the hours expended in providing the services; and (5) a detailed description of the services rendered.  Exhibit B includes fees specifically attributable only to Orloff.  As discussed above, Exhibit E includes services rendered in the collective defense of all three Plaintiffs claims.

To provide the Court with some additional context as to the reason for many of the services referenced in Exhibits B and E, UPS asserted, among other things, that Plaintiffs' conduct often increased the cost of this litigation.  *See, e.g.*, Dkt. # 161-1 at 3 (noting that if Plaintiffs would have not submitted 383 requests for production, UPS would have incurred less attorney fees).  In his memorandum in opposition, Orloff only attempts to justify Plaintiffs' conduct during the course of this case.  Opp. Memo at 7-10.  The manner in which Plaintiffs conducted the litigation does not demonstrate that UPS's fee request against Orloff is somehow unreasonable.  *Balla*, 2005 WL 3412806 at *5.

For example, UPS argued in its opening memorandum that Plaintiffs' excessive discovery requests added to the cost of litigation.  While Orloff concedes that Plaintiffs' discovery requests "resulted in the production of a vast amount of documents," he contends that all of the initial 383 requests for production were "necessary" to develop the underlying facts of each Plaintiffs claims.  Opp. Memo at 8.  Orloff then misstates the record stating "at no time prior to responding to the requests did UPS seek a protective order."  Opp. Memo at 8.  To the contrary, UPS filed a protective order in an attempt to force Plaintiffs to agree to limit some of their expansive discovery requests.  *See* Dkt. # 11.  Notwithstanding whether the discovery

UPS'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES PURSUANT TO
LOCAL CIVIL RULE 54.2 - 5

requests were necessary or not, or whether UPS filed a protective order or not, UPS was required to respond to this discovery, was forced to expend substantial amounts of money in responding to this discovery, and now, as the prevailing party against Orloff, UPS is entitled to reasonable attorney fees. The fees reasonably incurred by UPS in connection with the expansive discovery requests are included in time entries of Exhibits B and E.

As another example, again providing context to the fee request in its opening memorandum, UPS stated that Plaintiffs took 17 depositions in this case. Orloff argues that the 17 depositions were necessary because they were of "supervisors and managers employed by UPS who were directly connected to the events underlying Plaintiffs' complaint." Opp. Memo at 8-9. Orloff's argument is a significant overstatement as many of the persons deposed by Plaintiffs were in no way connected to Plaintiffs' termination. Instead, Plaintiffs took the depositions of persons such as David Keeling and Mark Burns, individuals whose testimony was completely excluded from trial, in pursuit of their motion to amend to add a claim for punitive damages. Notwithstanding whether all of the depositions taken by Plaintiffs were necessary or not, UPS was forced to prepare for and defend the depositions and in doing so incurred substantial expense. Now, as the prevailing party against Orloff, UPS is entitled to a reasonable attorney fee. The fees reasonably incurred by UPS in the preparation for and defense of these depositions are included in the time entries of Exhibits B and E.

As a final example, UPS argued in its opening memorandum that it incurred significant expense in defending against Plaintiffs' motion to amend to add a claim for punitive damages. In response, Orloff argues that Plaintiffs' motion to amend to add a claim for punitive damages was justified as it is "not uncommon in this type of litigation." Opp. Memo at 9. While similar motions may be filed in other cases, when a party files such a motion, has his motion denied, and then has his entire case dismissed, the other party, as the prevailing party, is entitled to attorney fees. Whether Plaintiffs' motion to amend to add a claim for punitive damages was necessary or likely to be granted is not the point, UPS was forced to produce documents involving issues only tangentially related to Plaintiffs' claims, had to defend some depositions aimed solely at the

UPS'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES PURSUANT TO
LOCAL CIVIL RULE 54.2 - 6

motion to amend (and defend others that were broader in scope as a result of the punitives effort), and also was required to engage in substantial motion practice including responding to Plaintiffs' objection to Judge Dale's memorandum decision and order.  The fees reasonably incurred by UPS in connection with Plaintiffs' motion to amend to add a claim for punitive damages are included in the time entries of Exhibits B and E.

Nothing within Orloff's memorandum provides this Court a basis to conclude that the time spent in defense of Orloff's lawsuit was not reasonable.

### C. THE HOURLY RATES CHARGED BY UPS'S COUNSEL ARE THE PREVAILING HOURLY RATES IN THE COMMUNITY FOR SIMILAR WORK.

Orloff asserts that the rates charged by Holland & Hart are unreasonable per se because they are higher than the hourly rates charged by his attorney, Eric Rossman.  *See* Opp. Memo at 11.  Likewise, he asserts that hourly rates charged by Holland & Hart associates and paralegals are unreasonable because they are higher than the rates charged by lawyers and paralegals within Rossman Law Group.  *Id.*  Orloff provides no affidavits of other practitioners in the Boise legal community.  Instead, Orloff relies on *Millenkamp v. Davisco Foods Int'l* for the proposition that the only reasonable rate for legal services in the Boise market is between $125.00 and $200.00.  *See* Opp. Memo at 11 (citing *Millenkamp*, 2007 WL 844880, at * 4-5).  In that case, although neither party challenged the reasonableness of hourly rates, the Court approved an hourly rate for counsel of a small law firm from Gooding, Idaho, of between $125.00 and $200.00.  While that law firm may be similar in size to Rossman Law Group, that fact is not determinative of the issues in this case.  Holland & Hart is a "regional law firm," which charges "at or near, but not above, the high end of acceptable rates for the Boise area."  *LaPeter v. Canada Life Insurance of America*, No. CV-06-121-S-BLW, 2007 WL 4287489, at *2 (D. Idaho Dec. 4, 2007).

This Court, two years ago and in the same year it decided *Millenkamp*, also decided *LaPeter*.  In that case, the Court specifically approved the hourly rates of Holland & Hart attorneys at $405.00 for an attorney with nearly 40 years of experience, $350.00 for an attorney with over 30 years of experience, $235.00 for a ninth year associate, $185.00 for a third year

associate, and $175.00 for a second year associate.  *Id.* at *2 n. 1.  In fact, the Court specifically approved a rate of $350.00 for Mr. Squyres.  After the clarification/modification of the hourly rates of the timekeepers involved in this case as described in paragraphs 3-11 of the Second Squyres Declaration (applying the 11% discount Holland & Hart credited to UPS throughout this lawsuit), and after UPS's concession as to the error it made with regard to Vivian Barrios (she is an attorney, not a paralegal), the actual rates charged by Holland & Hart attorneys and paralegals in this case are as follows:

| Attorney Timekeeper | Admitted to Practice | Hourly Rate Range | Hours | Fees |
|---|---|---|---|---|
| Newal Squyres | 1974 | $289.25-$333.75 | 730.70 | $242,650 |
| Jude Biggs | 1988 | $333.75 | 178.70 | $54,597 |
| Pam Howland | 2001 | $209.15-$258.10 | 165.69 | $40,274 |
| Dean Bennett | 2007 | $173.55-$186.90 | 189.60 | $32,912 |
| David Hyams | 2008 | $155.75-$169.10 | 266.80 | $41,552 |
| Vivian Barrios | 2005 | $191.35-$218.05 | 57.80 | $13,824 |

| Paralegal Timekeeper | Hourly Rate Range | Hours | Fees |
|---|---|---|---|
| Stephanie Omsberg | $120.15-$137.95 | 565.00 | $71,774 |
| Karen Kinnear | $129.05-$164.65 | 257.80 | $38,251 |
| Thelma Hall | $146.85 | 123.20 | $18,848 |
| Marcy Weaver | $146.85 | 97.20 | $14,708 |
| Carol Leffler | $146.85 | 64.90 | $9,527 |
| Aleta Johnson | $129.05 | 94.20 | $12,591 |

The rates charged by Holland & Hart to UPS in this case are substantially similar to the rates charged by Holland & Hart and approved by this Court in *LaPeter*.[2]  In fact, many of the timekeepers rates here are <u>less</u> than the rates approved in *LaPeter*.  *See, e.g.*, (*compare* Mr. Squyres' approved rate in 2007 in *LaPeter* at $350 with the rate charged in this case, between $289 and $333).

While $125.00 to $200.00 were deemed to be reasonable hourly rates for a small firm in Gooding, Idaho, so too are the rates charged by Holland & Hart here.  Other similarly situated

---

[2] Idaho State Court's have recognized the analysis in *LaPeter*.  *See AVP Restaurant Group v. Godzill, LLC*, Case No. CV0C0711663, at 5 (Dist. Idaho Jan. 16, 2009) (citing *LaPeter* as authority for the proposition that rates over $300 an hour are reasonable in Boise).

regional and national law firms servicing the same type of clients in the Boise market have hourly rates commensurate with the rates charged by Holland & Hart in this case. *See* Boardman Decl. ¶¶ 4-5 (acknowledging that the rate charged by Mr. Squyres and other timekeepers at Holland & Hart are reasonable for the Boise community); *see also* Geston Decl. ¶¶ 4-5 (same).

Consistent with this Court's decision in *La Peter*, and consistent with the prevailing hourly rates for similar work in the Boise community, Holland & Hart's hourly rates identified above are reasonable. UPS is entitled to recoup the reasonable fees it paid to its counsel in the complete defense of Orloff's lawsuit.

### III.   UPS IS ENTITLED TO A REASONABLE FEE OF $295,483.70 FOR THE DEFENSE OF HARDENBROOK'S LAWSUIT.[3]

As discussed in detail in its papers submitted to this Court on the issue of attorney fees, UPS asserts that notwithstanding the jury's award in favor of Plaintiff, UPS is the prevailing party and thus entitled to attorney fees under Idaho Code § 12-120(3). *See* Dkt. # 161-1 at 8-9; 170 at 4-7. UPS relies on the factors articulated in *Wheaton Equip. Co. v. Franmar, Inc.*, No. CV-03-220-S-BLW, 2007 WL 576450, at *1 (D. Idaho Feb. 21, 2007): "(1) the final judgment or result obtained in relation to the relief sought, (2) whether there were multiple claims or issues, and (3) the extent to which either party prevailed on each issue or claim." UPS also relies on *Adams v. Krueger*, 856 P.2d 864, 868 (Idaho 1993), which stands for the proposition that a defendant's success in defending against a plaintiff's punitive damage claim is a proper basis on which to make a prevailing party determination under Idaho Rule of Civil Procedure 54(d)(1)(B).

Hardenbrook responds, arguing that he is the prevailing party because he was awarded the "full amount of damages he requested." Opp. Memo at 4. To the contrary, through his motion to amend to add a claim for punitive damages, Hardenbrook potentially sought as much

---

[3] Although not raised by Orloff, in preparing this reply memorandum UPS became aware that the request it made for fees in the amount of $332,004.16 did not take into consideration the 11% discount described in Declaration of B. Newal Squyres. *See* Dkt. # 161-2 at ¶ 24. After the discount is applied, the dollar amount of attorney fees UPS seeks against Hardenbrook equals $295,483.70. For an explanation of this clarification/modification to UPS's motion for fees, please see the Second Squyres Declaration at ¶¶ 3-11.

UPS'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES PURSUANT TO
LOCAL CIVIL RULE 54.2 - 9

as $4.65 million from UPS. *See* Dkt. # 161-2 at ¶¶ 3-5 (noting that if the non-punitive damages sought by Plaintiffs were trebled under Idaho Code § 6-1604(3), UPS could have been liable for up to $13.95 million in damages). The application of the case law previously cited in UPS's memoranda, including *Wheaton Equip. Co.* and *Adams*, leads to the sound conclusion that UPS is the prevailing party against Plaintiff. UPS is therefore entitled to $295,483.70, representing the reasonable amount of fees incurred in the defense of Hardenbrook's lawsuit.

To the extent the Court cannot determine that UPS is the prevailing at this time, UPS respectfully requests this Court wait to decide the issue until after the Court rules on UPS's post-trial motions because, pursuant to established Ninth Circuit precedent, the period for filing a timely motion for attorney fees is tolled while post-trial motions are pending. *Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005) (noting that timely filed post-trial motions under Rule 50 or 59 "operate to suspend the finality of the district court's judgment"). Hardenbrook acknowledges the possibility that the pending post-trial motions may affect the Court's determination as to an award of fees, and does not oppose UPS's position if the Court, at this time, does not conclude that UPS is prevailing party. *See* Opp. Memo at 5 n.1.

## IV. CONCLUSION

UPS respectfully requests the Court grant UPS's motion for attorney fees against Orloff for the complete defense of his lawsuit. UPS further requests that the Court conclude that $301,219.75 represents a reasonable attorney fee for the services provided to UPS by Holland & Hart representing both legal services that are specifically attributable to Orloff, as well as a pro rata share of the fees incurred in the collective defense of all three Plaintiffs' claims. In addition, UPS respectfully requests the Court conclude that UPS is the prevailing party against Hardenbrook, or in the alternative, wait to rule on this portion of UPS's motion until the Court rules on UPS's post-trial motions. To the extent the Court awards UPS fees at this time, UPS requests the Court conclude that $295,483.70 represents a reasonable attorney fee for the services provided to UPS by Holland & Hart in the defense of Hardenbrook's lawsuit.

DATED this 5th day of April, 2010.

                          HOLLAND & HART LLP

                          By   */s/ B. Newal Squyres*
                                B. Newal Squyres, of the firm
                                Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of April, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Eric S. Rossman, Esq. – erossman@rossmanlaw.com
Chad M. Nicholson, Esq. – cnicholson@rossmanlaw.com
*Attorneys for Plaintiffs Darel Hardenbrook, Paul Gooch and Robert Orloff*

                              */s/ B. Newal Squyres*
                          for HOLLAND & HART LLP

4774370_2.DOC