# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAREL HARDENBROOK, an individual, PAUL GOOCH, an individual and ROBERT ORLOFF, an individual,<br><br>　　Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, CO., a Delaware corporation,<br><br>　　Defendant. | CASE NO. 1:07-cv-509-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Pending before the Court in the above-entitled matter are the competing motions for attorney fees and costs filed by the parties, as well as a related motion to strike. (Dkt. 153, 161, 184.) The parties have fully briefed the motions, and the matter is ripe for the Court's consideration.[1] Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the

---

[1] This matter was referred to the undersigned Magistrate Judge by District Judge Edward J. Lodge, and resolution of the motions was postponed until the Court issued its September 3, 2010 memorandum order deciding several post-trial motions. (Mem. Order at 3, n.2, Dkt. 202; Order, Dkt. 219.) Although an appeal was filed in this matter, the Court has jurisdiction to rule on motions for attorney fees even where a notice of appeal has been filed and not yet decided. *See League of Women Voters of Calif. v. Fed. Commc'ns Comm'n*, 751 F.2d 986, 990 (9th Cir. 1985).

decisional process would not be significantly aided by oral argument, the motions will be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d). After carefully considering the parties' briefs, arguments, and applicable case law, the Court recommends that both fee motions be denied and neither party should be awarded their attorneys' fees and costs in this matter. Because the Court did not rely upon the affidavits that were the subject of Plaintiff's Motion to Strike, the Court recommends denial of the motion as moot.

## BACKGROUND

Plaintiffs Darel Hardenbrook, Paul Gooch, and Robert Orloff initiated this action on November 2, 2007, by filing a Complaint in state court against the Defendant, United Parcel Service, Co. ("UPS"), alleging retaliation in violation of Idaho public policy, breach of contract, and breach of the implied covenant of good faith and fair dealing. (Dkt. 1, Att. 2.) On December 5, 2007, UPS removed the case to this Court on diversity grounds. (Dkt. 1.) The dispute between the parties relates to employment actions taken by UPS as to each of the Plaintiffs; Mr. Gooch and Mr. Hardenbrook were terminated from their employment and Mr. Orloff was demoted.

The Plaintiffs' complaint alleged that UPS' employment actions against them were made in retaliation to their inquiries regarding the Department of Transportation's ("DOT") hours of service regulations. (Dkt. 1, Att. 2, p. 2.) The DOT regulations prohibit drivers of commercial vehicles from driving if they have exceeded a specified number of

work hours for a prescribed period of time. UPS denied the allegations and on June 15, 2009, filed a Motion for Summary Judgment. (Dkt. 40.) Also on June 15, 2009, Plaintiffs filed a motion to amend their Complaint to add a claim for punitive damages. (Dkt. 37.)

On October 26, 2009, the Court entered an Order denying Plaintiffs' motion to amend their complaint and add a punitive damages claim. (Dkt. 79.) Then, on December 8, 2009, this Court entered an Order granting in part and denying in part the Motion for Summary Judgment. (Dkt. 84.) The Court's Order dismissed all of Mr. Orloff's claims against UPS and dismissed two of the three claims raised by both Mr. Gooch and Mr. Hardenbrook. Eventually, Mr. Gooch's claims were resolved by the parties[2] and only Mr. Hardenbrook's claim for wrongful termination in violation of public policy remained. (Dkt. 97.) Thereafter, trial began on January 12, 2010. The jury returned a Special Verdict on January 21, 2010, in favor of Mr. Hardenbrook awarding a total amount of damages of $1,476,367.00. (Dkt. 142.)

Numerous post-trial motions were filed, including UPS's Motion to Alter or Amend the Judgment requesting a remittitur of the damage award. (Dkt. 157.) On September 3, 2010, the Court issued an Order finding the damages awarded by the Jury to be grossly excessive, and reducing the damage award to a total amount of $713,169.00. (Dkt. 203).

---

[2] The parties stipulated to dismissal of Paul Gooch's claims against UPS with prejudice, with each party to bear their own costs and attorneys' fees. (Dkt. 98.)

**REPORT AND RECOMMENDATION - 3**

Prior to the issuance of the Court's September 3, 2010 Order, both parties filed motions for attorney fees, arguing that pursuant to Idaho Code § 12-120(3), they are each prevailing parties and entitled to an award of attorney fees. Based upon the Jury's award of $1,476,367.00, Hardenbrook argues that, as the prevailing party and pursuant to a contingency fee agreement, Hardenbrook should be awarded 40% of the damage award, or $590,546.80, in attorney fees. UPS argues that, even if the Court awarded fees to Hardenbrook, the requested fees based upon a 40% contingency fee agreement are unreasonable.

UPS alternatively asserts it prevailed and requests $338,449.16 in fees against Orloff, and $332,004.16 in fees against Hardenbrook. UPS explained that, although Plaintiffs' claims were intertwined, the fees it requests represent the total amount of fees attributable to the defense of the claims specifically attributable to the respective Plaintiffs, as well as a pro rata share of fees attributable to the defense of all three Plaintiffs' claims collectively. In addition to its argument disputing who prevailed, Hardenbrook argues that the fees requested by UPS are unreasonable.

## DISCUSSION

**1. Idaho Code § 12-120(3)**

Idaho law governs the award of attorney fees in this matter because federal courts follow state law as to attorney fees in diversity actions. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1270 (9th Cir.1978) (applying Idaho law). Pursuant to Idaho Code

§ 12-120(3), the prevailing party is entitled to an award of attorney fees when a commercial transaction is the gravamen of the lawsuit. *See Erickson v. Flynn*, 64 P.3d 959 (Idaho Ct. App. 2002). The Idaho Supreme Court has held that § 12-120(3) applies when the contractual basis for fees involves an employment agreement as well as claims related to the employment relationship. *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 391 (Idaho 2005); *Thomas v. Medical Center Physicians, P.A.*, 61 P.3d 557, 568 (Idaho 2002). The parties agree upon these legal principles, but disagree on which party is the prevailing party.

"The determination of who is a prevailing party is committed to the sound discretion of the trial court." *Bream v. Benscoter*, 79 P.3d 723, 727 (Idaho 2003); *see also* Idaho R. Civ. P. 54(d)(1)(B). In Idaho, Idaho R. Civ. P. 54(d)(1)(B) sets forth the governing legal standards on the prevailing party issue. There are three factors the trial court must consider when determining which party, if any, prevailed: (1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues. *State v. Jardine*, 940 P.3d 1137, 1140 (Idaho 1997).

The Court in its discretion may determine that a party prevailed in part and did not prevail in part, and may apportion the costs and fees between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the

action and the resultant judgment or judgments obtained. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005); *Nguyen v. Bui*, 191 P.3d 1107, 1112 (Idaho Ct. App. 2008). When both parties are successful, it is within the Court's discretion to decline to award attorney fees to either side. *Crump v. Bromley*, 219 P.3d 1188, 1190 (Idaho 2009). To determine the parties' relative success, the court "may consider both the presence and absence of awards of affirmative relief in determining which party prevailed either in whole or in part." *Chadderdon v. King*, 659 P.2d 160, 166 (Idaho Ct. App. 1983.) Of particular relevance here is the Idaho Supreme Court's observation that, "[i]n determining which party prevailed in an action where there are claims and counterclaims between opposing parties, the court determines who prevailed 'in the action.' That is, the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch*, 117 P.3d at 133.

When multiple claims and counterclaims are involved, this Court has distinguished between two lines of Idaho cases deciding attorney fee issues. *J.R. Simplot Co., Inc. v. H & H Transportation, Inc.*, No. CV05-397-S-EJL, 2007 WL 1238737 *3 (D. Idaho April 26, 2007). In cases involving claims and counterclaims over the same underlying facts or contract, the court should determine the prevailing party in the overall action, not on a claim-by-claim basis. *J.R. Simplot Co., Inc.*, 2007 WL 1238737 at *3 (citing *Eighteen Mile Ranch, LLC*, 117 P.3d 130 and *Internat'l Eng. Co., Inc. v. Daum Industries, Inc.*, 630 P.2d 155 (Idaho 1981)). Alternatively, if the claims and counterclaims are distinct and discrete, the second line of cases indicates the court must analyze the claims

REPORT AND RECOMMENDATION - 6

separately to determine who is the prevailing party. *Id.* (citing *Rockefeller v. Grabow*, 82 P.3d 450 (Idaho 2003); *Bream v. Benscoter*, 79 P.3d 723 (Idaho 2003); *Ramco v. H-K Contractors, Inc.*, 794 P.3d 1381 (1990)).

UPS argues it prevailed because it successfully defended itself against five of the six claims plead by Orloff and Hardenbrook in the complaint. While it is true that each Plaintiff asserted three causes of action, in reality each Plaintiff had but one claim plead under alternative theories of relief. Plaintiffs did not claim specific damages attributable to any particular cause of action, since their claims arose generally out of their employment relationships with UPS. Nor did Plaintiffs aggregate their damages because they asserted three theories of recovery. In other words, each Plaintiff sought one million dollars in damages under three alternative theories arising out of his employment agreement with UPS.

The Court therefore finds that UPS's argument that it "prevailed" on the majority of claims because only one of Hardenbrook's three claims for relief proceeded to trial, and Orloff's claims were dismissed, to be unpersuasive. *See Nalen v. Jenkins*, 741 P.2d 366, 369 (Idaho Ct. App. 1987) (finding error where the trial court had, for the purpose of an award of attorney fees, split a single "claim" for relief into prevailing and nonprevailing "theories"). There was instead one overall claim for relief asserted by each Plaintiff under alternative theories of recovery. An award of attorney fees is not to be

affected by "the ratio of prevailing 'theories' to nonprevailing 'theories.'" *Nalen*, 741 P.2d at 369.

Nor is the size of the parties' respective recoveries determinative. UPS claims victory because the amount of damages it avoided is greater than the damages ultimately awarded to Hardenbrook. UPS argues that it successfully defended itself against Orloff's one million dollar damage claim, was able to reduce Hardenbrook's claim from $1,476,367.00 to an award of $713,169.00, and defeated Plaintiffs' motion to add a claim for punitive damages. However, Hardenbrook basically prevailed on the principal complaint he and the other two Plaintiffs pursued against UPS. *See Nguyen v. Bui*, 191 P.3d 1107, 1113 (Idaho Ct. App. 2008) (explaining that where the plaintiff "basically prevails" on his principal complaint, the court is not required to apportion fees and citing *Decker v. Homeguard Sys.*, 666 P.2d 1169 (Idaho Ct. App. 1990)). The plaintiff who receives less than the amount of damages initially requested or awarded by the jury is not automatically penalized based upon the size of the relative recovery. *See Lickley v. Max Herbold, Inc.*, 984 P.2d 697, 702 (Idaho 1999) (holding that the trial court did not abuse its discretion in awarding plaintiff fees despite recovery of less than half of the damages initially requested when he had prevailed on the greatest issue in the case); *Gilbert v. City of Caldwell*, 732 P.2d 344, 368 (Idaho Ct. App. 1987) (holding that although the plaintiff

received only $7,500 on its $160,000 claim for damages, the trial court did not abuse its discretion in determining that the plaintiffs were the prevailing party).[3]

Rather, when viewed as a whole, the Court in the exercise of its discretion finds that neither party prevailed. The Court is not compelled to make a discrete award of fees on each claim. *Nguyen v. Bui*, 191 P.3d 1107, 1113 (Idaho Ct. App. 2008) (citing *Chenery v. Agri-Lines Corp*, 682 P.2d 640, 646 (Idaho Ct. App. 1984)). For UPS, avoiding liability is as good for a defendant as winning a money judgment is for a plaintiff. *LaPeter v. Canada Life Ins. of Am.*, No. CV-06-121-S-BLW, 2007 WL 4287489 *1 (D. Idaho Dec. 4, 2007) (citing *Eighteen Mile Ranch, LLC*, 133 117 P.3d at 133). UPS clearly prevailed in its defense of the claim for damages asserted by Orloff. UPS settled, and avoided a trial, with respect to the claim asserted by Gooch. In addition, UPS was able to successfully defend against the plaintiffs' attempt to add a claim for punitive damages, and to reduce the final amount awarded by the Jury to Hardenbrook. On the other hand, Hardenbrook successfully won a jury verdict against UPS on the main issue in the case.

---

[3] UPS relies upon *Chadderdon v. King*, 659 P.2d 160, 165 (Idaho Ct. App. 1983), for its "size of recovery" argument. However, *Chadderdon* does not stand for the bright line rule that the size of a party's recovery, including the amount of liability avoided, makes one a prevailing party. In *Chadderdon*, the plaintiffs sued their contractor for breach of contract in the amount of $60,000. The contractor counterclaimed for $9,588. The jury determined neither party was entitled to affirmative relief. In awarding attorney fees to the contractor, the trial court determined that both parties had prevailed in part, but the contractor had "prevailed on the 'main issue of the case' which consumed the majority of the trial," which decision was upheld on appeal. *Chadderdon*, 659 P.2d at 165. In essence, the trial court in *Chadderdon* determined the award of fees not based upon the relative "size" of recovery, but rather on the overall view of the case. By determining that the plaintiff was not entitled to damages for breach of the contract, the contractor successfully defended himself on the main issue in the case.

**REPORT AND RECOMMENDATION - 9**

Had Orloff and Hardenbrook pursued their claims separately, it is apparent that UPS would have been declared the victor in Orloff's case,[4] while Hardenbrook would have been declared the victor in his case against UPS, and both UPS and Hardenbrook would have been awarded their respective attorneys' fees. But considering the joint representation by one law firm of all three Plaintiffs, the difficulty in apportioning fees attributable to one plaintiff versus the other,[5] and had all things been equal under such a scenario,[6] the attorney fees awarded in one case would have negated the fees awarded in the other case. Given the joint representation of Plaintiffs, the nucleus of facts involving the same course of conduct alleged by all Plaintiffs, and the singular representation of Defendant, both winning and losing Plaintiffs and Defendant necessarily incurred the fees claimed by both sides.

And the Court cannot say that the result here, the award of damages to only one Plaintiff in relation to the overwhelming relief sought and avoided by UPS, clearly favors

---

[4] In their brief, Plaintiffs' counsel conceded that "Orloff does not dispute that, based on the court's decision on UPS's motion for summary judgment, that UPS is, at this time, the prevailing party against Orloff" and that UPS "is entitled to an award of reasonable attorney fees incurred in defending the claims brought by Robert Orloff." (Pls.' Mem. in Opposition at 5, Dkt. 171.)

[5] Even counsel in this case cannot decide on a methodology to apportion fees between the respective plaintiff's individual claims. All of the claims were related and involved the same nucleus of events and actors.

[6] This would assume each side's attorneys billed equivalent hourly rates, and expended the same amount of hours. In this case, UPS's attorneys had rates ranging from $175–$375 per hour as compared to Plaintiffs' attorneys, whose rates were $150–$200 per hour. (*See* Pls.' Mem. in Opposition at 11, Dkt. 171.) Plaintiffs asserted that, had their attorneys charged the hourly fees charged by UPS's counsel, the contingent fee amount of $590,546.80 based upon the Jury's award would be "substantially equal to the hourly fee amount" claimed by UPS's attorneys. (Pls.' Reply Mem. at 6, Dkt. 180.)

**REPORT AND RECOMMENDATION - 10**

one side versus the other. In the instant case, viewing the matter as a whole, and in the exercise of the Court's discretion, there is no one prevailing party or side. Considering all of the issues and claims involved, and the end result of the judgment, it would be fair and equitable for the parties to pay their own costs and attorney fees.

2. Costs

With respect to the costs claimed, Fed. R. Civ. P. 54(d)(1) permits costs to be awarded to the prevailing party. In light of the analysis above, the Court recommends that the Clerk be directed to deny the parties' respective bills for costs. (Dkt. 190, 191.)

## CONCLUSION

Based upon the foregoing, the Court concludes neither side prevailed, and that the parties are not entitled to attorney fees based upon the theories presented to the Court. Therefore, the Court in the exercise of its discretion is recommending that both motions be denied, and costs be disallowed by the Clerk of the Court. Because of its decision, the Court did not reach the arguments of the parties concerning the reasonableness of the claimed fees, or Hardenbrook's Motion to Strike the declarations of Mr. Boardman and Mr. Geston, which declarations were submitted to support the reasonableness of Holland and Hart's hourly rates.

# RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED that:**

1) Plaintiff's Motion for Attorney Fees (Dkt. 153) be **DENIED**.

2) Defendant's Motion for Attorney Fees (Dkt. 161) be **DENIED**.

3) Plaintiff's Motion to Strike (Dkt. 184) be **DENIED AS MOOT.**

The Clerk is further instructed to deny the parties' respective bills of costs. (Dkt. 162, 163.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: January 18, 2011

Honorable Candy W. Dale
Chief United States Magistrate Judge