James L. Martin, ISB No. 4226
Tyler J. Anderson, ISB No. 6632
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
jlm@moffatt.com
tya@moffatt.com
24834.0000

Eric S. Rossman
ROSSMAN LAW GROUP, PLLC
737 N. 7th St.
Boise, Idaho  83702-5566
Telephone  (208) 331-2030
Facsimile  (208) 342-2170
lreinke@rossmanlaw.com

Attorneys for Plaintiff Darel Hardenbrook

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAREL HARDENBROOK, an individual, PAUL GOOCH, an individual and ROBERT ORLOFF, an individual,<br><br>                Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, CO., a Delaware corporation,<br><br>                Defendant. | Case No. 1:07-cv-00509-EJL-CWD<br><br>**PLAINTIFF DAREL HARDENBROOK'S OBJECTION TO REPORT AND RECOMMENDATION (Docket No. 228)** |

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | STANDARD OF REVIEW | 4 |
| IV. | ARGUMENT | 5 |
| | A. The Determination of Hardenbrook's Prevailing Party Status Should Have Been Conducted Without Regard to Plaintiff Orloff or Plaintiff Gooch. | 5 |
| |     1. In multi-party cases, Idaho law requires that each party's claim be analyzed in isolation when determining an award of attorney's fees. | 5 |
| |     2. Other jurisdictions require that each party's claim be analyzed in isolation when determining an award of attorney's fees. | 10 |
| | B. When Viewed Separately from Plaintiff Orloff and Plaintiff Gooch, Hardenbrook Is Clearly the Prevailing Party Against UPS. | 11 |
| | C. The Result of Magistrate Dale's Unprecedented Prevailing Party Determination in the Report and Recommendation Is Contrary to Public Policy and Judicial Economy. | 12 |
| V. | CONCLUSION | 16 |

## I. INTRODUCTION

Plaintiff Darel Hardenbrook ("Hardenbrook") objects to the Report and Recommendation (Docket No. 228) issued by Honorable United States Magistrate Candy W. Dale on January 18, 2011.[1] In the Report and Recommendation, Magistrate Dale correctly observed that as between Hardenbrook and defendant United Parcel Service, Co. ("UPS"):

- "Hardenbrook successfully won a jury verdict against UPS ***on the main issue in the case***." *See* Report and Recommendation (Docket No. 228) at 9 (emphasis added).

- Viewed separately from plaintiff Robert Orloff, Hardenbrook "would have been declared the victor in his case against UPS." *Id.* at 10.

- "Hardenbrook basically prevailed on the principal complaint he and the other two Plaintiffs pursued against UPS." *Id.* at 8.

- "The Court therefore finds that UPS's argument that it 'prevailed' on the majority of claims because only one of Hardenbrook's three claims for relief proceeded to trial, and [plaintiff] Orloff's claims were dismissed, to be ***unpersuasive***." *Id.* at 7 (emphasis added).

Despite making these indisputable observations that Hardenbrook prevailed at trial on his claim and UPS did not, Magistrate Dale erred in finding that "neither party prevailed" and there was "no one prevailing party or side." *Id.* at 9 and 11. To reach the conclusion that Hardenbrook was not a prevailing party, Magistrate Dale generically "lumped" all plaintiffs

---

[1] In support of this Objection and request for *de novo* review of Hardenbrook's motion for attorney's fees (Docket Nos. 153, 154, 155, 156 and 182), Hardenbrook hereby incorporates by reference all prior briefing in support of his request for attorney's fees and costs.

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION**
**TO REPORT AND RECOMMENDATION - 1**

together, which led to her incorrect determination of the prevailing party issue. To further evidence the error in Magistrate Dale's prevailing party determination, not only was such generic lumping of all parties together to determine the prevailing party issue unprecedented, the very Idaho case law that Magistrate Dale relied upon clearly establishes that it is improper for a court to lump parties together in the analysis of liability for attorney's fees. *See* Report and Recommendation (Docket No. 228) at 6, 8-9, *citing Nguyen v. Bui*, 146 Idaho 187, 192, 191 P.3d 1107, 1112 (Ct. App. 2008). In addition, the result of the Report and Recommendation raises numerous public policy concerns as the proposed ruling invites parties to multiply the proceedings by filing separate cases, with separate counsel, in an effort to preserve each party's prospect for an attorney's fee award.

## II. BACKGROUND

Hardenbrook, together with co-plaintiffs Robert Orloff and Paul Gooch, filed a Complaint and Demand for Jury Trial ("Complaint") in state court on November 2, 2007, alleging separate and individual claims arising from their employment with defendant UPS. *See* Docket No. 1-2. UPS removed the matter to this Court on December 5, 2007. *See* Docket No. 1. In the Complaint Hardenbrook plead three counts: (1) Retaliation in Violation of Idaho Public Policy (Count One); (2) Breach of Contract (Count Two); and (3) Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Three). *See* Complaint (Docket No. 1-2) at 5-9.

UPS does not dispute that the plaintiffs' claims in this case are unique and individual to each plaintiff. Indeed, UPS acknowledged in its prior briefing that there exist "substantial dissimilarities in the factual basis underlying [plaintiffs'] claims." *See* Docket No. 161-1 at 1. After discovery, UPS filed a motion for summary judgment seeking dismissal of

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 2**

all three of plaintiffs' factually dissimilar claims, including the unique and separate claims that Hardenbrook advanced. *See* Docket No. 40. As a result of UPS's summary judgment motion, Hardenbrook's primary claim for the tort of retaliation in violation of Idaho public policy remained, while the other two contractual claims were dismissed. *See* Docket No. 84. As a result, Hardenbrook's retaliation claim was tried to a jury and the jury rendered a complete verdict in favor of Hardenbrook in the amount of $1,476,367.00. *See* Docket No. 142. This Court later reduced the jury award to $713,169.00, which was still a substantial victory for Hardenbrook. *See* Docket Nos. 203 and 211.

After the entry of the special verdict and resulting judgment, Hardenbrook filed a Petition for Attorneys Fees. *See* Docket No. 153. UPS opposed Hardenbrook's motion with a tepid effort to claim victory as the prevailing party. *See* Docket No. 170. To that end, UPS tried to downplay the fact that Hardenbrook had just recently captured a decisive verdict at trial and a jury award in excess of the amount requested in his Complaint. *Id.* UPS also filed its own competing motion for an award of attorney's fees seeking defense costs associated with its defeat of plaintiff Orloff's claims on summary judgment and its claimed "win" at trial against Hardenbrook. *See* Docket No. 161.

On January 18, 2011, Magistrate Dale issued a surprising Report and Recommendation (Docket No. 228), denying Hardenbrook's and UPS's respective attorney's fees requests on the ground that "neither party prevailed" and there was "no one prevailing party or side." *Id.* at 9 and 11. As a result, Magistrate Dale did not reach the issues of reasonableness or the amount of fees to be awarded to Hardenbrook for his trial victory over UPS or to UPS for getting Orloff's claims dismissed at the summary judgment stage. To say the least, Hardenbrook remains stunned by the fact that, having just received a high six-figure verdict against UPS, that

there is a potential that he will not also receive attorney's fees for clearly prevailing should Magistrate Dale's Report and Recommendation be adopted by this Court. Accordingly, Hardenbrook objects.

### III. STANDARD OF REVIEW

Objections to a Report and Recommendation issued by a United States Magistrate are authorized under 28 U.S.C. Section 636(b)(1)(C), Federal Rule of Civil Procedure 72 and District of Idaho Local Civil Rule 72.1(b).

By a Docket Entry Order on January 5, 2011, this Court "ordered that all post-trial motions relating to attorney fees and costs shall be referred" to Magistrate Dale. *See* Docket No. 219. Although not stated in the referral order, pursuant to Federal Rule of Civil Procedure 54(d), a district court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a ***dispositive*** motion." FED. R. CIV. P. 54(d)(2)(D) (emphasis added); *see also* FED. R .CIV. P. 54(d)(2)(D) Advisory Committee's Note, 1993 amend. ("The district judge may designate a magistrate judge to act as a master for this purpose or may refer a motion for attorneys' fees to the magistrate judge for proposed findings and recommendations under Rule 72(b)."); *Rajaratnam v. Moyer*, 47 F.3d 922, 923-24 (7th Cir. 1995) (holding that the denial of an "application for fees cannot be characterized as nondispositive").

For dispositive motions and all other matters falling within the ambit of 28 U.S.C. Section 636(b)(1)(B), "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.* § 636(b)(1)(C). Upon the timely filing of an objection to a report and recommendation, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* After the district court engages its *de novo* determination of the

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 4**

objections made, it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## IV. ARGUMENT

### A. The Determination of Hardenbrook's Prevailing Party Status Should Have Been Conducted Without Regard to Plaintiff Orloff or Plaintiff Gooch.

Magistrate Dale found that Hardenbrook was not the prevailing party in his case against UPS by improperly considering the result of Hardenbrook's claims together with the result fared by his co-plaintiffs Orloff and Gooch. Put differently, Magistrate Dale simply viewed the "prevailing party" analysis from a defense perspective *only* and concluded that, in effect, the defense won one and lost one. *See* Report and Recommendation (Docket No. 228) at 10-11. Magistrate Dale then determined that, because it was a wash for the defense, it should also be a wash for the plaintiffs. *Id.* at 10 (stating that had the plaintiffs Orloff and Hardenbrook pursued their cases separately, "the attorney fees awarded in one case would have negated the fees awarded in the other case"). In reaching this conclusion, Magistrate Dale erred in determining the appropriate prevailing party under Idaho law.

#### 1. In multi-party cases, Idaho law requires that each party's claim be analyzed in isolation when determining an award of attorney's fees.

Magistrate Dale correctly observed that Idaho law governs the award of attorney's fees because this matter arises from this Court's diversity jurisdiction under 28 U.S.C. Section 1332. *See* Report and Recommendation (Docket No. 228) at 4. Accordingly, Magistrate Dale identified the statutory basis for an award of fees under Idaho Code Section 12-120(3). *Id.* at 4-5. And, as other colleagues in the District of Idaho have observed, Magistrate Dale noted that Idaho Rule of Civil Procedure 54(d)(1)(B) "sets forth the governing legal principles on the

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 5**

Client:1923948.1

prevailing party issue." *Id.* at 5. Hardenbrook does not object to Magistrate Dale's conclusion that Idaho Code Section 12-120(3) applies in this case and does not dispute that Rule 54(d)(1)(B) directs the prevailing party analysis. However, Hardenbrook objects to the manner in which Magistrate Dale applied the law, including the prevailing party provision of Rule 54(d)(1)(B). Simply put, under Rule 54(d)(1)(B) and existing Idaho law, the analysis of Hardenbrook's status as a prevailing party should have been done without regard to the results obtained by plaintiff Orloff or plaintiff Gooch. It was error for Magistrate Dale not to analyze Hardenbrook's status as a prevailing party against UPS separately from Orloff or Gooch and award him his fees and costs accordingly.

The definition of "prevailing party" is set forth in Idaho Rule of Civil Procedure 54(d)(1)(B) as follows:

> (B) Prevailing Party. In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought ***by the respective parties***. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

(Emphasis added.) The plain language of Rule 54(d)(1)(B) makes clear that the prevailing party analysis requires a court to consider the final judgment in the action in relation to the relief sought by the "respective" parties—that does not mean the plaintiffs as a whole and the defendants as a whole. According to the Merriam-Webster Dictionary, the word respective is defined as "particular, separate." *Available at* http://www.merriam-webster.com/dictionary/respective. Thus, the use of the word "respective" in the plain language of

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 6**

Client:1923948.1

Rule 54(d)(1)(B) evidences a clear intent that a party's prevailing party status be determined by reference to the adversary, separately and independently from any other party.

The very issue of whether it is appropriate to "lump" parties together when determining an award of attorney's fees in a multi-party case has been addressed by the Idaho appellate courts. *Nguyen v. Bui*, 146 Idaho 187, 191 P.3d 1107 (Ct. App. 2008). In *Nguyen*, a case relied upon by Magistrate Dale, two co-defendants appealed an award of attorney's fees, arguing that "the district court's analysis was *faulty because it lumped all of the claims together* and failed to distinguish between the two co-defendants, giving no consideration to their differing positions and roles in the litigation." *Id.* at 192, 191 P.3d at 1112(emphasis added). On appeal, the Idaho Court of Appeals agreed "that the district court committed error when it 'lumped' the corporat[e] [defendant] with the [individual defendant] in the analysis of liability for attorney fees." *Id.* at 195, 191 P.3d at 1115. Specifically, the Court of Appeals stated that "[w]e agree that [the corporate defendant] cannot be held accountable for attorney fees that were not incurred in litigation against it." *Id.*

The inverse logic of the Court of Appeals' decision in *Nguyen* applies with equal force to the facts presented here. Under Idaho law, for purposes of determining an award of attorney's fees, it is error for a district court to "lump" party plaintiffs together in the analysis of liability for an award of attorney's fees. As a corollary, it is error for a district court to lump parties together in the analysis of entitlement to an award of attorney's fees. Accordingly, Magistrate Dale erred when she considered the results obtained by UPS against plaintiff Gooch and plaintiff Orloff in determining Hardenbrook's status as a prevailing party in this case and refusing to award Hardenbrook *any* attorney's fees despite his large money verdict.

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 7**

Client:1923948.1

In another Idaho appellate case involving an award of attorney's fees, the Idaho Court of Appeals concluded it was an abuse of discretion for a district court to analyze liability for an award of attorney's fees in reference to the results fared by a co-party. *Platt v. Brown*, 120 Idaho 41, 44, 813 P.2d 380, 383 (Ct. App. 1991). In *Platt*, the district court awarded attorney's fees against two defendants, Brown and Moore, after trial and entry of judgment. *Id.* at 42, 813 P.2d at 381. Defendant Brown was dismissed before trial and defendant Moore proceeded to trial. *Id.* at 43, 813 P.2d at 382. Defendant Moore lost at trial and the district court ultimately entered a judgment that included attorney's fees and costs against "the Defendants" without distinguishing between Brown or Moore. *Id.* Defendant Brown appealed from the entry of judgment, arguing that she should not be held accountable for attorney's fees incurred when she was dismissed from the case before trial and she did not participate in the trial. On appeal, the Idaho Court of Appeals analyzed plaintiff's claim against Brown independently from the claim against Moore. *Id.* at 44, 813 P.2d at 383. Ultimately, the Court of Appeals concluded that there was "no support for the district court's findings that plaintiff was the prevailing party vis-à-vis [Brown] who was dismissed as a party at the start of trial." *Id.*

A study of *Platt* further confirms that, under Idaho law, the prevailing party analysis is to be conducted on an individual basis without regard to other co-parties in the case. For the same reasons that it was not appropriate to hold Brown accountable for attorney's fees in *Platt* based on the result obtained against Moore, it is also not appropriate to consider the dismissal obtained by UPS against plaintiff Orloff in determining whether Hardenbrook is a prevailing party.

Magistrate Dale also placed reliance on *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 117 P.3d 130, 133 (2005), in determining that

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 8**

Client:1923948.1

Hardenbrook was not a prevailing party. However, in *Eighteen Mile Ranch* the Idaho Supreme Court reversed the decision of the district court finding that neither party prevailed and, on appeal, analyzed the corporate defendant's results against plaintiff separately from the individual defendants' results against plaintiff. *Id.* at 718-20, 117 P.3d at 132-34. Ultimately, after analyzing each defendant's results without regard to the other co-parties, the Idaho Supreme Court concluded that the defendants were each prevailing parties in the litigation. *Id.* Again, *Eighteen Mile Ranch* represents another example where the Idaho appellate courts require the prevailing party analysis to be made in the context of one party's claim against another without regard to the results obtained by a co-party.

Finally, the majority of the cases cited in the Report and Recommendation address competing claims by one party against another and do not involve multiple parties; instead, those so-called "multi-claim" cases involved the determination of the prevailing party in the context of a claim by plaintiff and counterclaim by defendant. *See Crump v. Bromley*, 148 Idaho 172, 219 P.3d 1188 (2009); *Bream v. Benscoter*, 139 Idaho 364, 79 P.3d 732 (2003); *J.R. Simplot Co. v. H&H Transp., Inc.*, No. CV05-397-S-EJL, 2007 WL 1238737 (D. Idaho April 26, 2007); *Chadderon v. King*, 104 Idaho 406, 659 P.2d 160 (Ct. App. 1983); *Int'l Eng. Co. v. Daum Indus., Inc.*, 102 Idaho 363, 630 P.2d 155 (1981); *Rockefeller v. Grabow*, 139 Idaho 538, 82 P.3d 450 (2003); *Ramco v. H-K Contractors, Inc.*, 118 Idaho 108, 794 P.2d 1381 (1990). At trial, Hardenbrook advanced a single claim against UPS upon which he prevailed. UPS did not assert a counterclaim against Hardenbrook and, as a result, the foregoing authorities have no force or application to the prevailing party analysis.

### 2. Other jurisdictions require that each party's claim be analyzed in isolation when determining an award of attorney's fees.

Magistrate Dale's conclusion that there "is no one prevailing party or side" is also inconsistent with the law in other jurisdictions. *See* Report and Recommendation (Docket No. 228) at 11. As with Idaho, in other jurisdictions the prevailing party analysis requires consideration of an individual party's claim against his or her adversary, without regard to any co-parties. Put differently, in the cases where there is more than one plaintiff and more than one defendant, courts do not engage in a "prevailing side" analysis and, instead, must look to the prevailing <u>party</u> on an individual basis in awarding attorney's fees. *Bush v. Dist. of Columbia*, 579 F. Supp. 2d 22, 27-33 (D.C. 2008) (analyzing whether each individual plaintiff was the prevailing party for a case involving sixteen (16) separate plaintiffs); *Hughes v. Repko*, 578 F.2d 483, 486-87 (3d Cir. 1978) (stating "district courts should analyze the results obtained by the petitioning party on particular claims, regardless of the number of parties"); *Hines v. Marion County Election Bd.*, 166 F.R.D. 402, 407 (S.D. Ind. 1995) (stating that individual analysis is required to determine if plaintiff is a prevailing party against each defendant); *Tubbs v. Sacramento County Jail*, 258 F.R.D. 657, 659 (E.D. Cal. 2009) ("When considering 'prevailing party' status in suits with multiple defendants, courts have made separate determinations of whether or not the plaintiff prevailed against each defendant."); *Ford v. Tenn. Senate*, 06-2031-BV, 2007 WL 5659414 (W.D. Tenn. Aug. 15, 2007) (same).

Moreover, as the Federal Circuit Court of Appeals recently observed, there is no such thing as a "push" when it comes to making the prevailing party determination:

> The question then is whether Rule 54 limits how many "prevailing parties" there can be in a particular case. To answer that question, we begin with the text of the statute. Rule 54(d)(1) awards costs to "*the* prevailing party." Fed. R. Civ. P. 54(d)(1) (emphasis added).

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 10**

> In our view, the plain language of Rule 54 unambiguously limits the number of prevailing parties in a given case to one because the operative term, "prevailing party," is singular. Had Congress intended for there to be multiple prevailing parties, it could easily have said so, substituting "parties" for "party."
>
> Our conclusion that there can only be one prevailing party in a given case is reinforced by the use of the definite article "the" before "prevailing party." . . . In our view, the word Congress did use, "the," is evidence that what follows, "prevailing party," is specific and limited to a single party. Rule 54(d) has no special rule or exception for mixed judgment cases, where both parties have some claims decided in their favor, as occurred here. Thus, even in mixed judgment cases, ***punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a "prevailing party." For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, "prevailing party" to receive any costs award.***

*Shum v. Intel Corp.*, --- F.3d ----, 2010 WL 5176747, *4 (Fed. Cir. Dec. 22, 2010) (emphasis added; citations omitted). Unfortunately, that is exactly what Magistrate Dale did here: she punted.

### B. When Viewed Separately from Plaintiff Orloff and Plaintiff Gooch, Hardenbrook Is Clearly the Prevailing Party Against UPS.

Hardenbrook ultimately obtained a high six-figure final judgment against UPS. When analyzed under the appropriate legal framework and as articulated in Hardenbrook's prior briefing in support of his Petition for Attorneys Fees (Docket Nos. 153, 154, 155, 156 and 182), there can be no doubt that Hardenbrook is the prevailing party. Indeed, Magistrate Dale's Report and Recommendation includes the following findings that make clear Hardenbrook prevailed against UPS:

- "Hardenbrook successfully won a jury verdict against UPS ***on the main issue in the case***." *See* Report and Recommendation (Docket No. 228) at 9 (emphasis added).

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 11**

Client:1923948.1

- Viewed separately from plaintiff Robert Orloff, Hardenbrook "would have been declared the victor in his case against UPS." *Id.* at 10.
- "Hardenbrook basically prevailed on the principal complaint he and the other two Plaintiffs pursued against UPS." *Id.* at 8.

Given these findings, the next steps in the attorney's fees analysis should have been done, i.e., determining whether the fees submitted by Hardenbrook were reasonable and then determine the amount of the award of fees and costs. Magistrate Dale never got to that analysis once she lumped Hardenbrook with Orloff. This was error.

### C. The Result of Magistrate Dale's Unprecedented Prevailing Party Determination in the Report and Recommendation Is Contrary to Public Policy and Judicial Economy.

Although the three plaintiffs' claims arose from dissimilar factual circumstances and the claims asserted against UPS were not identical, the cases were brought as one for efficiency purposes for the convenience of the parties and the Court. Had the cases been brought separately as three different matters, there is no question that such cases would meet the standard for consolidation under Federal Rule of Civil Procedure 42 as all three cases share at least some common questions of law or fact. There also can be little doubt that, had the three plaintiffs each brought their own separate actions – represented by the same counsel or not – UPS would have consolidated these three cases because consolidation simply makes sense for a host of reasons. Where cases are consolidated, courts do not lump together co-parties in determining entitlement to an award of fees or costs. *See Modick v. Carvel Stores of New York, Inc.*, 209 F. Supp. 361, 363 (S.D.N.Y. 1962) (holding that in a case in which several parties' actions were consolidated for trial — for the convenience of the parties and the court — "each case must stand on its own feet so far as costs are concerned").

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 12**

In *Modick*, the District Court for the Southern District of New York made several observations that apply with equal force to the facts presented here:

> The fact that the actions were consolidated for trial does not mean that they were any less separate cases. Such consolidation was for the convenience of parties and the Court. There were the same number of cases tried in both the fraud and antitrust aspects and each case must stand on its own feet so far as costs are concerned. The consolidation of separate causes of action involving separate plaintiffs for trial purposes does not free a losing plaintiff from the duty of paying costs simply because another one of the plaintiffs was successful.
>
>> "Where two causes of action, each by a different plaintiff and each against the same defendant, are consolidated for trial, and but one plaintiff is successful, the successful plaintiff is entitled to costs, and defendant is entitled to costs against the unsuccessful plaintiff. * * *" 20 C.J.S. Costs § 95, p. 346; *Cornell v. Gulf Oil Corp.*, 35 F. Supp. 448 (E.D.Pa. 1940).
>
> In the Pierce action there were four plaintiffs, each alleging separate causes of action sounding in fraud and violation of the antitrust laws. ***Here again certain plaintiffs won and certain plaintiffs lost, depending upon the facts of the case. The Court, so far as allowance of costs is concerned, will have to treat each plaintiff separately; those who lost will have to pay costs and those who won will be treated as prevailing parties. The mere fact that plaintiffs joined their causes of action in one suit does not change this rule.***

*Id.* at 363 (emphasis added).

The proposed ruling in the Report and Recommendation punishes parties for initially doing the right thing by bringing multiple plaintiffs' similar claims in one lawsuit for the convenience of the Court and the parties. It further invites parties to multiply the proceedings by filing separate cases, with separate counsel, in an effort to preserve an attorney's fee award in the event one prevails and a co-party loses. This is especially true if there exists some possibility

that a co-plaintiff's dismissal during litigation could be used as a means to deny attorney's fees to a plaintiff who ultimately obtains a final judgment in excess of $700,000.00 against a defendant. As the district court stated in *Modick*, the mere fact that one plaintiff "won" and another plaintiff "lost" does not change the rule that each party is to be treated separately. The one who lost will have to pay attorney fees and costs whereas the one who won will be treated as the prevailing party and get his attorney fees and costs paid.

Consider the implication the proposed ruling could have on the attorney-client relationship in multiple party cases. If two or more clients approach an attorney for handling of their litigated matter either on the plaintiff or defense side, this unprecedented ruling puts counsel in a position to make a Hobson's choice: (1) does counsel advise the potential clients there is a chance that if one party is victorious against the adversary and a co-party loses, the winning party will not be deemed a prevailing party and not be able to recover their attorney fees and costs no matter how substantial their victory is?; or (2) does counsel advise these potential clients that they will have to obtain independent counsel to bring a separate lawsuit despite the efficiencies that can result from a single action because, otherwise, each individual runs the risk that a court will follow Magistrate Dale's "lumping" theory to ultimately find no prevailing party? That Hobson's choice demonstrates the public policy reasons why Magistrate Dale's recommendation should not stand.

To further evidence the policy implications for the proposed ruling, the outcome of this case on appeal may stand to frustrate the foundation for the Report and Recommendation. For example, consider the circumstances where Orloff is successful on appeal. The reversal of a summary judgment decision may stand to fundamentally alter the complexion of the prevailing party analysis when done on a "prevailing <u>side</u>" basis as set forth in the Report and

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 14**

Recommendation. Thus, if Orloff obtains a reversal on appeal and Hardenbrook is denied attorney's fees at this stage, inconsistent results will yield and create a whole new set of issues that would be eliminated if the prevailing party status is determined separately and attorney fees and costs are awarded separately. This potential outcome demonstrates yet another reason to analyze Hardenbrook's claim against UPS in isolation without regard to the results obtained vis-à-vis Orloff or Gooch.

There exists at least one other real public policy consideration for why Magistrate Dale's "lumping" theory should be rejected by this Court. Once Magistrate Dale issued the recommendation, it created a potential conflict interest for plaintiffs' counsel of choice, the Rossman Law Group, PLLC. By not analyzing Hardenbrook's fee claims against UPS separately from the result UPS obtained against Orloff, and instead lumping them together under a "prevailing side" analysis, Magistrate Dale's Report and Recommendation put Orloff and Hardenbrook at odds with each other. Having lost his claim against UPS on summary judgment, which created the potential for an adverse award of attorney fees and costs against him, Orloff could benefit from the results contemplated by the Report and Recommendation. At the same time, Hardenbrook must now object to the Report and Recommendation to the potential disadvantage of Orloff.

Given these now potentially adverse claims as between the two remaining plaintiffs, the plaintiffs' chosen counsel was arguably not in a position where it could represent these parties with respect to any objections or positions they needed to take relative to the limited issue of entitlement to fees addressed by the Report and Recommendation. Hence the need for undersigned counsel's limited appearance in this matter. Public policy would dictate that plaintiffs who bring separate claims against the same defendant and who are represented by the

**PLAINTIFF DAREL HARDENBROOK'S OBJECTION
TO REPORT AND RECOMMENDATION - 15**

same counsel through trial, not be required to incur additional fees and costs hiring new counsel to address their respective prevailing party status for purposes of obtaining or avoiding an award of fees and costs. Yet, the Report and Recommendation, puts this undue burden on these plaintiffs.

## V. CONCLUSION

For the foregoing reasons, Hardenbrook respectfully requests this Court in its *de novo* review: (a) to reject the recommendations found in Magistrate Dale's Report and Recommendation (Docket No. 228); (b) to determine that Hardenbrook *is* the prevailing party against UPS on the claims he asserted against the defendant; and (c) to recommit the matter to Magistrate Dale with instructions to address by recommendation to this Court the reasonableness and amount of attorney's fees and costs to be awarded to Hardenbrook along with any other collateral issues.

DATED this 4th day of February, 2011.

                                               MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

                                               By _____
                                               James L. Martin – Of the Firm
                                               Attorneys for Plaintiff Darel Hardenbrook

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of February, 2011, I filed the foregoing **PLAINTIFF DAREL HARDENBROOK'S OBJECTION TO REPORT AND RECOMMENDATION** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**B. Newal Squyres**
nsquyres@hollandhart.com
*Attorneys for Defendant*

**Pamela Simmons Howland**
phowland@hollandhart.com
*Attorneys for Defendant*

_____
James L. Martin