IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAREL HARDENBROOK, an individual, PAUL GOOCH, an individual and ROBERT ORLOFF, an individual, <br><br> Plaintiffs, <br><br> -vs- <br><br> UNITED PARCEL SERVICE, CO., a Delaware corporation, <br><br> Defendant. | CASE NO. CV07-509-S-EJL <br><br> **ORDER OF REPORT AND RECOMMENDATION** |

## INTRODUCTION

On January 18, 2010, United States Chief Magistrate Judge Candy W. Dale issued a Report and Recommendation, recommending that Plaintiff's and Defendant's Motions for Attorney Fees be denied. Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the magistrate's Report and Recommendation. 28 U.S.C. § 636(b)(1) and District of Idaho Local Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Plaintiff Hardenbrook filed an objection challenging the Report and Recommendation arguing he is entitled to attorneys fees, and his claim should be considered separate from the claims of co-Plaintiffs Orloff and Gooch (Dkt. No. 233.) Defendant also filed an objection arguing the Court should adopt the Report and Recommendation, or alternatively, if the Court rejects or modifies the Recommendation Defendant objects to the Recommendation denying Defendant's Motion for Attorney Fees. (Dkt. No. 231.) The Court has considered each of the parties' contentions and conducted a *de novo* review of the record and finds as follows.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Darel Hardenbrook, Paul Gooch, and Robert Orloff initiated this action on November 2, 2007, by filing a single complaint in state court against the Defendant, United Parcel Service, Co. ("UPS"). The three Plaintiffs each alleged the same claims against UPS: retaliation in violation of Idaho public policy, breach of contract, and breach of the implied covenant of good faith and fair dealing. (Dkt. No. 1.) On December 5, 2007, UPS removed the case to this Court on diversity grounds. (Dkt. No. 1.)

The complaint alleged that UPS' employment actions against them were made in retaliation for inquiries into the Department of Transportation's hours of service regulations. These regulations prohibit drivers of commercial vehicles from driving if

they have exceeded a specified number of work hours for a prescribed period of time. UPS filed a Motion for Summary Judgment on June 15, 2009. (Dkt. No. 40.)

The Court entered an Order granting in part and denying in part the Motion for Summary Judgment. (Dkt. No. 84.) The Order dismissed all of Plaintiff Orloff's claims and dismissed two of the three claims raised by Plaintiff Gooch and Plaintiff Hardenbrook. Plaintiff Gooch's claims were resolved by the parties and only Plaintiff Hardenbrook's claim for wrongful termination in violation of public policy remained. On January 12, 2010, a trial began. The jury returned a special verdict on January 21, 2010, in favor of Plaintiff Hardenbrook, awarding a total amount of $1,476,367.00 in damages.

Post-trial motions were filed, including a motion by UPS to Alter or Amend the Judgement requesting a remittitur of the damage award. On September 3, 2010, the Court issued an Order finding the damages awarded by the Jury to be grossly excessive, and reducing the damage award to $713,169.00. Prior to the issuance of this order, both parties filed motions for attorney fees, both arguing they were the prevailing party.

## DISCUSSION

The arguments raised by Hardenbrook in his objections are the same as those considered by the Magistrate Judge at the hearing. Hardenbrook challenges the denial of attorney fees, arguing that the determination of his prevailing party status should have been conducted without regard to Plaintiff Orloff or Plaintiff Gooch. Hardenbrook

further argues that when viewed separately from the other Plaintiffs he is clearly the prevailing party.

The Magistrate Judge properly recognized that the award of attorney fees in this case stems from Idaho Code § 12-120(3) which requires that the prevailing party be awarded reasonable attorney fees based on the factors delineated in Idaho Rule of Civil Procedure 54(d)(1)(B). Further, the Magistrate Judge accurately captured the underpinnings of this case in resolving the Motion and recommending a denial of attorney fees to both parties. "The determination of who is a prevailing party is committed to the sound discretion of the trial court." *Bream v. Benscoter*, 79 P.3d 723, 727 (Idaho 2003). The Court may use this discretion to decline to award attorney fees to either side when both parties are successful. *Crump v. Bromley*, 219 P.3d 1188, 1190 (Idaho 2009).

Plaintiff Hardenbrook argues that the determination of his prevailing party status should have been conducted without regard to Plaintiff Orloff or Plaintiff Gooch. However, this Court is in agreement with Judge Dale's analysis and recommendation in terms of the determination of the prevailing party. In cases involving claims and counterclaims over the same underlying facts or contract, the court should determine the prevailing party in the overall action, not on a claim by claim basis. *J.R. Simplot Co., Inc. v. H & H Transportation, Inc.,* No. CV05-397-S-EJL, 2007. Accordingly, Judge Dale did not err when she considered the success of all three Plaintiffs when making the prevailing party determination, as Hardenbrook suggests. As Judge Dale observed, when the award

of damages to the one successful Plaintiff is compared to the relief avoided by UPS, the Court cannot clearly say one party prevailed over the other. (Dkt. 228 at 10-11).

Hardenbrook argues Judge Dale committed error when she "lumped" parties together when determining the award of attorney fees. Hardenbrook relies on *Nguyen v. Bui*, 191 P.3d 1107 (Idaho Court. App. 2008) in making this argument. In that case co-defendants were both ordered to pay attorneys fees, and one defendant objected to the portion of the fees which represent a claim not made against them. *Nguyen v. Bui*, 191 P.3d 1107 (Idaho Court. App. 2008). The Court of Appeals of Idaho held that the lower court did not abuse its discretion when it awarded the plaintiff attorney fees without apportioning them among the co-plaintiff's successful and unsuccessful legal theories. *Id* at 1114-1115. The reasoning used in this case does not support Hardenbrook's argument that it was error for the Court to "lump" the Plaintiffs together in the analysis of entitlement to an award of attorney fees. The language Plaintiff Hardenbrook quotes in his objection comes from a portion of the opinion finding the other co-defendant not liable for the award of attorney fees only because that defendant immediately stipulated to judgment against it, and "it would be an unusual case where attorney fees would be assessed against a defendant who conceded liability." *Id* at 1115 (citing *Braley v. Pangburn*, 798 P.2d 34, 42 (Idaho 1990)). Here the case is distinguishable because it deals with co-plaintiffs bringing the same cause of action, whereas *Nguyen* deals with co-defendants who were sued under different claim for damages. The reasoning used in that

case does not apply to the situation in Plaintiff Hardenbrook's case. Just the opposite, the *Nguyen* case supports Judge Dale's analysis that the Court is not compelled to make a discrete award of fees on each claim. *Nguyen*, 191 P.3d at 1113. As such, this Court finds Judge Dale did not commit error by "lumping" the parties together when determining the award of attorney fees.

In sum, having conducted a *de novo* review of the Report, the record herein, and for the reasons stated in the Report, this Court finds that Magistrate Judge Dale's Report is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Dale, and this Court being fully advised in the premises, the Court agrees with Magistrate Judge Dale's conclusions and will adopt the same. The Court having adopted Magistrate Judge Dale's Report and Recommendation need not address UPS's conditional objection.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) The Report and Recommendation entered on January 18, 2011, (Dkt No. 228) is **INCORPORATED** by reference and **ADOPTED.**

2) Plaintiff's Motion for Attorney Fees (Dkt. No. 153) is **DENIED.**

3) Defendant's Motion for Attorney Fees (Dkt. No. 161) is **DENIED.**

DATED: **March 10, 2011**

Honorable Edward J. Lodge
U. S. District Judge