Case 1:07-cv-00509-EJL-CWD  Document 248  Filed 07/24/12  Page 1 of 5



**FILED**

JUL 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAREL HARDENBROOK, an individual,<br><br>        Plaintiff - Appellant/Cross-Appellee,<br><br>and<br><br>PAUL GOOCH, an individual<br><br>        Plaintiff,<br><br>and<br><br>ROBERT ORLOFF, an individual,<br><br>        Plaintiff/Contingent Cross-Appellee,<br><br> v.<br><br>UNITED PARCEL SERVICE, INC., a Delaware corporation doing business in the State of Idaho,<br><br>        Defendant - Appellee/Cross-Appellant. | Nos. 11-35309; 11-35353<br><br>D.C. No. 1:07-cv-00509-EJL-CWD<br><br>MEMORANDUM* |

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted May 7, 2012
Seattle, Washington

Before: GOULD, BYBEE, and BEA, Circuit Judges.

Darel Hardenbrook, Paul Gooch, and Robert Orloff brought suit against United Parcel Service ("UPS") alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful termination in violation of public policy. The district court granted UPS's motion for summary judgment on all of Orloff's claims. Only Hardenbrook's wrongful termination claim proceeded to trial, at which he won a judgment against UPS. After entry of the judgment, the district court denied Hardenbrook's and UPS's petitions for attorney's fees, finding that there was no prevailing party. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Pursuant to Idaho Code § 12-120(3), the prevailing party in any civil action to recover on a commercial transaction "*shall* be allowed a reasonable attorney's fee to be set by the court." Idaho Code Ann. § 12-120(3) (emphasis added). The statute applies in actions brought pursuant to an employment contract and for

claims related to the employment relationship. *See Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 391 (Idaho 2005).

The Idaho Court of Appeals has articulated three factors that a trial court must consider when determining who is the prevailing party: (1) the final judgment or result, (2) whether there were multiple claims or issues between the parties, and (3) the extent to which each party prevailed on each claim or issue. *See Nguyen v. Bui*, 191 P.3d 1107, 1112 (Idaho Ct. App. 2008); *see also id.* at 1113 (explaining that a trial judge should not split a "single 'claim' upon which the plaintiffs had prevailed into prevailing and nonprevailing 'theories'"). Even if there are multiple claims, a trial judge is not required to apportion the attorney's fees, but must only take that into consideration. *Id.*

The magistrate judge looked at the "overall action" and found that UPS would have been declared the prevailing party against Orloff, and Hardenbrook would have been the prevailing party against UPS; the court concluded that the two were basically a wash. Unlike the cases cited by UPS and the lower courts, however, this is not a case where there were multiple claims and counterclaims between the same parties. *See Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005); *Int'l Eng'g Co. v. Daum Indus.*, 630 P.2d 155, 158–59 (Idaho 1981). The magistrate judge found that Hardenbrook had

3

only one claim under alternate theories. UPS filed no counterclaims. Instead, this case involves one claim between Hardenbrook and UPS and a similar claim between Orloff and UPS. The magistrate judge explicitly found that "Hardenbrook basically prevailed on the principal complaint he and the other two Plaintiffs pursued against UPS," and that UPS prevailed against Orloff. We agree. Thus, Hardenbrook is entitled to reasonable attorney's fees because he is the prevailing party in his case against UPS, and UPS is entitled to reasonable attorney's fees because it is the prevailing party in its case against Orloff. The district court abused its discretion by finding otherwise.

The district court has discretion to determine a reasonable attorney's fee to award to Hardenbrook, for his prevailing claim against UPS, and to UPS, for its prevailing claim against Orloff. *See Schroeder v. Partin*, 259 P.3d 617, 624 (Idaho 2011). In this calculation, "the court [has] a duty to apportion to each of the parties only the attorney fees related to the claims upon which each party prevailed." *Id.* Thus, Hardenbrook is entitled to an award against UPS only for the time his attorneys spent on his prevailing claim. The calculation should take into consideration that during the early stages of the litigation, before the other parties were dismissed, there was overlapping representation between Hardenbrook, Orloff, and Gooch. The attorney time for the joint representation should be

4

reduced accordingly. Likewise, UPS is entitled to an award of attorney's fees related only to defending against Orloff. Fees which may be attributed to defending on overlapping claims by Hardenbrook, Orloff, and Gooch should be apportioned and reduced accordingly. This case is remanded to the district court for an award of reasonable attorney's fees in accordance with this decision.

REVERSED and REMANDED.