IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAREL HARDENBROOK, an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, CO., a Delaware Corporation,<br><br>        Defendant. | Case No. 1: 07-CV-00509-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

On July 24, 2012, the Ninth Circuit issued a Memorandum in this matter as to the appeal filed by the Defendant United Parcel Service, Inc. (UPS). In that decision, the Ninth Circuit affirmed in part, reversed in part, and remanded in part. (Dkt. 246.) As relevant here, the Ninth Circuit remanded to this Court for further proceedings, on an open record, the question of whether the value of the restricted stock was properly calculated to include the proper discount rate. (Dkt. 246.) Specifically, the Ninth Circuit's remand noted that the Court's prior Order appeared to place the burden of proving the correct discount rate on the Defendant contrary to Idaho law. The Court requested additional briefing on the remand from the parties which has now been filed. (Dkt. 269, 270.) The Court has reviewed the same along with the entire record herein and finds as follows.

**DISCUSSION**

**1.  Remand Proceedings**

This Court directed the parties to file simultaneous briefing on the remanded issue for the Court to consider in determining whether any further briefing and/or hearing would be necessary. (Dkt. 268.) In its briefing, UPS seeks to pursue limited discovery and hold an additional hearing on the remanded question. (Dkt. 269.) Plaintiff maintains the Court can and should affirm its prior decision upon the record before it. (Dkt. 270.)[1]

UPS argues that because the Ninth Circuit's remand was for further proceedings "on an open record," that this Court is essentially required to further develop the factual record beyond the existing record on remand. (Dkt. 269 at 4.) In addition, UPS contends that further proceedings must be held in light of the fact that the Ninth Circuit remanded the case rather than decided the issue on the existing record and the majority rejected the dissent's position. (Dkt. 269 at 4-5.) The authority cited to by UPS are criminal cases remanded for resentencing. (Dkt. 269 2-3.) (citing *United States v. Matthews*, 278 F.3d 880 (9th Cir. 2002); *United States v. Crawford*, 372 F.3d 1048, 1062 (9th Cir. 2004) (en banc)). In those cases however, the Ninth Circuit's discussion regarding the proper remedy on remand recognized that on remand the district court is "without limitation on the evidence" that it may consider and that the district court "generally should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it

---

[1] Plaintiff does alternatively argue that he should be allowed to present additional testimony should the Court determine the record is insufficient to support a finding that Plaintiff proved the value of the UPS restricted stock units. (Dkt. 270 at 9.)

MEMORANDUM DECISION AND ORDER- 2

were sentencing de novo." *Matthews*, 278 F.3d at 885-86. The other authority cited by UPS concerning this point similarly conclude that a remand upon an open record affords the district court the opportunity to further develop the factual record and consider additional evidence. (Dkt. 269 at 3) (citing cases).

The Court is not required by this remand to hold an additional hearing or take new evidence.[2] Instead, the cases and authority demonstrate that a remand for reconsideration and further proceedings upon an "open record" means this Court <u>may</u> consider additional evidence and hold a hearing – not that it is <u>required</u> to do so. Having reviewed the record in this case in light of the parties arguments, the Court finds that no further additional evidence is necessary, required, nor would it be helpful in resolving the remanded question.

**2.    Findings on Remand**

At the conclusion of the trial in this matter, the Court took up UPS's Renewed Motion for a Judgement as a Matter of Law and Alternative Motion for a New Trial or to Alter or Amend the Judgement. (Dkt. 157, 203.)[3] The Motion to Alter or Amend Judgment was made pursuant to Federal Rule of Civil Procedure 59(e) challenging that the award amount was

---

[2]The Court acknowledges that the Ninth Circuit has the authority to require a district court to hold a hearing. *See United States v. Duncan*, 643 F.3d 1242, 1250 (9th Cir. 2011) ("We remand to the district court for a hearing to determine whether Defendant competently waived his right to appeal."). In such instances the Court must and will act according to the remand. In this case, however, the Ninth Circuit's remand did not direct this Court to hold a hearing or require it to allow the parties to submit additional evidence. Instead, contrary to UPS' position, the remand language allows the Court the ability to consider additional evidence in further proceedings.

[3] In a separate Order issued on the same day, the Court took up UPS's Motion for New Trial Due to Improper Argument of Counsel and Juror Misconduct and related motions. (Dkt. 202.)

MEMORANDUM DECISION AND ORDER- 3

excessive. As applicable on this remand, UPS challenged the present value adjustment applied to the restricted stock units. The Plaintiff's expert, Dennis Reinstein, opined that a net discount rate of zero should be applied to the restricted stock units. UPS's expert, Cornelius Hofman, on the other hand, disagreed with this calculation and presented a different illustrative exhibit detailing his economic loss figures at their present values. The Jury agreed with the Plaintiff's expert and awarded $1,476,367 in damages as calculated by the Plaintiff's expert. The Court deemed that award excessive and issued a remittitur calculating the total damages to be $713,169. (Dkt. 203.) In doing so, the Court valued the UPS restricted stock units at the rate applied by the Plaintiff's expert.

On this remand, the Court has gone back and examined the transcript from the trial as well as the briefing of the parties on this question and the entire record herein.[4] Having done so, the Court remains of the opinion that the calculation performed by the Plaintiff's expert was the appropriate value to have been applied to the UPS restricted stock units in this case. The testimony of the Plaintiff's expert, particularly on recall, amply supported his valuation figures and the basis for the rate applied to the stock value. Moreover, the Jury's verdict adopting the Plaintiff expert's calculation was clearly supported by credible evidence in the record and not based on speculation or guess work. *See Fungi Elec. Co., Ltd. v. Daewoo Electronics Corp.*, 593 F.Supp.2d 1088, 1093 (N.D. Cal. 2009).

---

[4] Although it has been some time since the trial was held, the Court has a firm memory of the trial as well as the evidence and testimony as it was presented.

MEMORANDUM DECISION AND ORDER- 4

Mr. Reinstein calculated the value of the restricted stock taking what the Plaintiff had received in the two years prior to his termination, assuming that his awards would have been similar going forward, and calculated the stock value for two scenarios – where the Plaintiffs either had or had not been promoted. Under these scenarios, Mr. Reinstein estimated the Plaintiff's losses associated with the UPS restricted stock units at either $250,000 or just under $500,000. (Dkt. 222 at 542-543.) Mr. Reinstein testified how he calculated the growth rate for the UPS stock by comparing recent UPS stock returns to other peer companies, that being large companies, to determine that the growth rate of return for UPS stock would be around 8 to 9 percent. (Dkt. 222 at 568.) Mr. Reinstein then considered UPS's growth rate from the time they went public, over the last year, and analyst reports projecting the expected growth rate going forward and estimated the stock growth to be 23 to 24 percent over the next 12 months and around 8 percent over the next 5 years. (Dkt. 222 at 568-69.)

During his redirect examination, Mr. Reinstein explained how the net discount rate of zero that he applied in this case was calculated by taking the expected rate of return going into the future over time and subtracting the anticipated cost of capital that UPS would spend to attract investments in the company. (Dkt. 225 at 1441-1442.) To calculate the rate of return, Mr. Reinstein testified that he looked at the rate of increase for UPS stock over the previous 12 months, about 18 percent according to analyst reports, and the projection over the next 12 months, about 23 to 24 percent. (Dkt. 225 at 1443.) The projection for UPS stock over the next 5 years was approximately 8 percent. He also looked at the last 50 years of stock increases for large capitalized companies, UPS's peer group, which showed the average

MEMORANDUM DECISION AND ORDER- 5

rate of return, not including dividends, to be between 8 and 9 percent. (Dkt. 225 at 1444.) To calculate the cost of capital, Mr. Reinstein used the Capital Asset Pricing Model which yielded the cost of capital for UPS would range at around 7 to 8 percent. (Dkt. 225 at 1444.) The final conclusion reached by Mr. Reinstein was that the expected rate of return long-term would be 8 or 9 percent and the cost of capital would be between 7 and 8 percent with the difference being a negative net discount rate. (Dkt. 225 at 1444-45.) Mr. Reinstein testified that he conservatively used zero as the net discount rate instead of the negative number. (Dkt. 225 at 1445.) There was no objection to this testimony.

Having again reviewed this testimony as well as that of Mr. Hofman and the evidence and arguments of counsel, the Court finds its conclusion in its prior Order was correct. (Dkt. 203.) For the reasons stated in this Order as well as the prior decision, which is incorporated herein, the Court again concludes that the calculation of the value of the UPS restricted stock units by Mr. Reinstein was appropriate and supported by the evidence. (Dkt. 203.) Additionally, the Court's prior decision did not shift the burden to UPS to prove the present value of damages. Although the Court expressed some reservations about the net discount rate of zero, the Court's determination that the Plaintiff's valuations were appropriate was based upon the fact that the Plaintiff's expert supported his calculations with proper testimony and evidence at the trial. As such, the Court concludes that its findings and conclusions in its prior Order were correct.

Accordingly, the Court will enter a Second Amended Judgement in this case in favor of the Plaintiff in the amount of $563,554. This amount reflects the sum reached by this Court, $713,169, minus the reduction of $149,615 as directed by the Ninth Circuit. (Dkt. 203, 211, 246.)

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Court's prior Order (Dkt. 203) calculating the damages on the remittitur was accurate. The Court will enter a Second Amended Final Judgement in favor of the Plaintiff in the amount of $563,554.

DATED: **February 7, 2014**

Honorable Edward J. Lodge
U. S. District Judge