IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAREL HARDENBROOK, an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, CO., a Delaware Corporation,<br><br>        Defendant. | Case No. 1: 07-CV-00509-EJL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

**INTRODUCTION**

On August 13, 2013, United States Chief Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that the Motions for Attorney Fees and Bills of Costs filed by both sides be granted in part. (Dkt. 265.)[1] Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. 28 U.S.C. § 636(b)(1) and District of Idaho Local Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or

---

[1] Magistrate Judge Dale issued an initial Report and Recommendation on August 7, 2013 but later amended that Report and Recommendation to address Plaintiff's Bill of Costs. (Dkt. 263, 265.)

ORDER ADOPTING REPORT AND RECOMMENDATION- 1

recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Defendant filed objections to the Report arguing the award of attorney fees and costs to Plaintiff is premature because there is no final judgment entered as to Plaintiff's damages. (Dkt. 266.) Defendant further objects to the Report's premise that the Plaintiff's damages are $563,554. Plaintiff did not file any objections but did file a response to the Defendant's objections. (Dkt. 267.)

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Darel Hardenbrook, along with two other individuals initiated this action against the Defendant, United Parcel Service, Co. (UPS), alleging claims related to his wrongful termination from his employment at UPS. Eventually, Mr. Hardenbrook's claim for wrongful termination went to trial where a jury returned a verdict for $1,476,367 against UPS. In post-trial motions, this Court granted UPS's Motion to Amend the Judgment and allowed Mr. Hardenbrook the choice of accepting a remittitur or going forward on a new trial. Mr. Hardenbrook accepted the remittitur and an Amended Judgement was entered in the amount of $713,169.00. (Dkt. 211.) The Ninth Circuit has since issued a decision further reducing the remittitur amount by $149,615. (Dkt. 246.)[2]

---

[2]The Ninth Circuit also remanded the determination as to the proper valuation of the UPS restricted stock units to this Court. (Dkt. 246.) The Court has issued an Order on the remanded question.

Prior to the Amended Judgment being entered, both parties filed Motions for Attorney Fees. Both motions were denied as the Court determined that neither party prevailed. (Dkt. 228, 237.) In addition, the Court denied the Bills of Costs. (Dkt. 162, 163, 228, 229, 230, 237.) The parties appealed and the Ninth Circuit reversed this Court's Order holding that Mr. Hardenbrook was the prevailing party against UPS and UPS was the prevailing party against one of the original Plaintiffs. The case was remanded for this Court to "apportion to each of the parties only the attorney fees related to the claims upon which each party prevailed." (Dkt. 257 at 4.) The matter was referred to Magistrate Judge Dale who undertook the task of sorting through the attorney fee petitions to apportion the fees to each of the parties as directed by the Ninth Circuit. The Report encompasses Magistrate Judge Dale's well reasoned recommendations concerning attorney fees in this case. This Court has reviewed the same and finds as follows.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, UPS filed objections and, therefore, the Court has conducted a *de novo* review of those portions of the Report. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

The objection filed by UPS challenges that the award of attorney fees is premature given the fact that this Court had not yet, at the time the Report was issued, ruled upon the Ninth Circuit's separate order remanding this case as to the question of whether the Court

had correctly calculated the present value of the restricted stock. (Dkt. 246.) UPS also objects the Report's premise that the Plaintiff's damages are $563,554; arguing the Ninth Circuit affirmed only $310,768 of the Judgment but reversed the $149,615 in back pay awarded and remanded the $252,786 awarded in restricted stock. (Dkt. 266.) This Court has since addressed the remand issue concluding its prior order correctly calculated the value of the restricted stock at $252,786. As such, the objection filed by UPS is moot. The Report's calculation of damages at $563,554 is correct and the award of attorney fees is not premature.

Furthermore, the Court has reviewed the Report and finds it to be well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Dale, and this Court being fully advised in the premises, the Court agrees with Magistrate Judge Dale's conclusions and will adopt the same.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 13, 2013 (Dkt. 265) is **INCORPORATED** by reference and **ADOPTED IN ITS ENTIRETY** and the Court HEREBY ORDERS as follows:

1) Plaintiff's Petition for Attorney Fees (Dkt. 153) is **GRANTED in part** in the amount of $288,993.76.

2) Defendant's Motion for Attorney Fees (Dkt. 161) is **GRANTED in part** in the amount of $324,379.00.

3) Defendant's Bill of Costs (Dkt. 163) is **APPROVED** in the amount of $3,482.73.

4) Plaintiff's Bill of Costs (Dkt. 152) is **APPROVED** in the amount of $3,893.09.

DATED: **February 7, 2014**

~~Honora~~ble Edward J. Lodge
U. S. District Judge